44 So.2d 798

## WALKER v. STATE.

### 8 Div. 753.

Court of Appeals of Alabama.

Feb. 28, 1950.

W. A. Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Alfred W. Goldthwaite, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of violation of our prohibition law, Section 93 et seq., Title 29, Code of Alabama 1940, in that he did have in his possession, sell, bar-

ter, etc. prohibited liquors, in Lauderdale County, Alabama.

■ We judicially know that Lauderdale County, Alabama, is a dry county.

■ The evidence presented below tends to show that officers went to the store of appellant and began to search his premises. The appellant was absent when the officers first arrived, but returned shortly thereafter.

About 38 yards from appellant's store the officers found a keg imbedded in the ground, which was covered with leaves, and trash. This keg had an opening on its upper end, and in the barrel the officers found 11 pints of Shenley whiskey.

Behind a toilet used in connection with appellant's store the officers found 5 or 6 pints of moonshine whiskey hidden under some leaves.

A well defined path led from appellant's store to the buried keg. The keg did not appear to have been recently buried. While the path to the keg continued on beyond the keg, it was clear to the keg, and dim beyond the keg, and the latter portion bore no recent tracks and appeared to have been little used.

Upon appellant's return to his store he went to the keg with the officers. There he picked up one of the bottles that had been removed from the keg, remarked it was good whiskey, and thereupon proceeded to open the bottle and take a drink.

Appellant denied any knowledge of the whiskey, and claimed he took the drink only after one of the officers had suggested he do so. He further claimed that after he had taken the drink this officer then told him that now he would certainly be convicted. This part of appellant's testimony was strenuously denied by all the officers present, but they contended that appellant's act in drinking the whiskey was done solely on his own initiative.

From the foregoing evidence clearly a jury question was presented.

■ During the examination of appellant he was shown a drawing, and asked if it represented the places asked about. Appellant replied "This house should be over

168

there. Stutts lives across the road, you have it on the east side."

This drawing is before us. It is not in scale, and is at best a rough representation of the things it seeks to illustrate. In view of appellant's testimony as to its inaccuracies we think it well within the discretion of the court to have sustained objections to its introduction because of its misleading tendencies.

We do not think the other rulings by the court, because made on long settled legal principles, warrant any discussion, and we refrain therefrom in the interest of brevity. In our opinion none of these rulings probably injured the substantial rights of this appellant.

Affirmed.