135 So.2d 391

**B. O. GRANDQUEST et al.**

v.

**Blanchard WILLIAMS.**

**1 Div. 915.**

Supreme Court of Alabama.

Nov. 16, 1961.

Rehearing Denied Dec. 21, 1961.

Lyons, Pipes & Cook, Mobile, for
appellants.

Cunningham & Bounds, Mobile, for appellee.

STAKELY, Justice.

Blanchard Williams (appellee) instituted this action against B. O. Grandquest individually and doing business as Gulf City Construction .Co. and Carl V. Reed (appellants) claiming damages for injuries suffered by the plaintiff arising out of a motor vehicle collision on U. S. Highway 31 approximately 5 miles south of Bay Minette, Alabama, on May 5, 1959. The plaintiff's complaint charged the defendants with simple negligence.

The defendants filed pleas of the general issue and contributory negligence. The result of the trial before a jury was a verdict and judgment in the sum of $15,000. Motion for a new trial was overruled. This appeal followed.

The accident occurred in the early morning on U. S. Highway No. 31 about 5 miles south of Bay Minette, Alabama, on May 5, 1959. The weather was clear. The highway was fairly level and there was a roadside park on the east side of the high-

way and there was a wide shoulder on the west side.

The plaintiff's automobile was headed south and the truck of Gulf.City Construction Co., driven by Carl W. Reed, was headed north when the collision occurred. Damage was done to the left front end of both vehicles. We shall consider the assignments of error in the order in which they have been argued in brief except that we shall consider assignment of error No. 50 first.

#### Assignment of Error No. 50

On June 30, 1960 the court reporter filed the completed transcript of evidence in this cause with the clerk of the circuit court. On July 8, 1960 the defendants filed objections to the transcript of the evidence and a motion that the alleged errors therein be corrected. On August 8, 1960 the court took the motion under consideration upon the written stipulation of the parties that the evidence in support of and in denial of the motion be by affidavit. The affidavits were accordingly filed by the parties. The court denied the defendants' motion to correct the transcript of evidence and this ruling is assigned as error.

The procedural matters specified in Title 7, Section 827(1a), 1955 Cumulative Pocket Part have been complied with. It will be noticed that in this statute the ruling of the court upon such a hearing, "shall be reviewable, with error duly assigned by the dissatisfied party upon the appeal of the cause, and the evidence upon such hearing shall be duly certified by the court reporter." According to the appellants the first irregularity concerns a statement made by the prospective juror Robert C. Whiting during the qualification of the jury. The transcript of evidence reads, "I am an insurance agent and have written through it." We think it reasonable to consider that the record is correct in that Whiting stated he had written policies through the U. S. Fidelity & Guaranty Co. because his statement is an immediate response to the following question of the trial court. "Have you any connection with this insurance company, U. S. Fidelity & Guaranty Co.? Have you any connection with it?"

The second alleged irregularity concerns a statement made by the plaintiff on direct examination. The transcript reads, "It was a total loss." According to the appellants the transcript should read, "It was a total loss. The insurance company paid for it." The court reporter has certified that " * * * the testimony and proceedings were correctly taken down by me in shorthand and correctly transcribed by me." Upon consideration of the matter in the light of the affidavits and the certificate of the court reporter we are not satisfied that the court was in error in denying the motion and accordingly we find no error in this ruling.

#### Assignment of Error No. 2

It is urged that the trial court erred in overruling defendants' motion for a new trial. One of the grounds of the motion is that the verdict of the jury and the judgment thereon were contrary to the great weight and preponderance of the evidence. Authorities such as King v. Brindley, 255 Ala. 425, 51 So.2d 870, are cited to support the proposition that where the testimony of a witness is incredible, incoherent or physically impossible and unbelievable or contrary to physical facts in common observation and experience, such evidence is to be disregarded as being without evidentiary value. The plaintiff testified that, "He was over on my side of the road. First I thought he was fixing to pull over in the parkway. There was a little place where he could pull in. I let up on the accelerator and applied the brakes casual like and about that time he turned and started to back across the road * * *." The appellants point out that the park was not located on the plaintiff's side of the road. However, the evidence shows that there was parking space on both sides of the road.

Furthermore, according to the appellants the plaintiff testified that the accident occurred on the crest of a hill but later testified that the highway at the scene of the accident was straight, wide and level. The testimony of the plaintiff shows that the hill in question was a slope or long grade and that the highway was fairly level and straight. This court has held in the case of Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642, that the jury can properly consider the conflict between the testimony of any witness and the "physical facts" in determining what weight should be given to the testimony. The jury should take the truth wherever found in the evidence. They may accept or reject different parts of the evidence in working out a verdict supported by any reasonable theory of the evidence. Donaldson v. Fuqua, 232 Ala. 604, 169 So. 223.

The appellants also argue that the plaintiff had ample time to bring his vehicle to a stop after he observed the defendant on the wrong side of the road, if he were traveling at a reasonable speed. Emphasis is placed on the testimony of the patrolman who found only one skid mark which, according to the appellants, indicates that the vehicle was moving at an excessive speed or that the brakes were defective. However, according to the plaintiff there was no apparent need to come to an immediate stop because he thought the defendant was pulling off the road. Furthermore, the patrolman testified that he was only concerned with finding one skid mark and did not testify that there was only one. This court has held many times that verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785. Furthermore, verdicts are presumed correct and the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court. Mintz v. Millican, 266 Ala. 479, 97 So.2d 769. Furthermore, on appeal from a judgment for the plaintiff this court must review the tendencies of the evidence most favorable to the plaintiff allowing such inferences as the jury was free to draw. Jeffrey Mfg. Co. v. Hannah, 268 Ala. 262, 105 So.2d 672.

The appellants also insist that the motion for a new trial should have been granted because the plaintiff abused his privilege of qualifying the jury by direct references to the defendants' insurance coverage. We think it well to go to the record in this respect. Prior to the qualification of the jury defendants' counsel placed a slip of paper on the clerk's desk which named the defendants' insurance carrier. We quote from the record:

"Court: I believe that it is agreed that I qualify the jurors as to their connection with this company.

"Counsel for Plaintiff: Judge, I don't know anything about any agreement. What is it you refer to—an insurance company?

"Court: Yes, this is a note someone handed up here to me.

"Counsel for Defendants: That is the name of the defendants' insurance company, Your Honor." This note was examined by counsel for the plaintiff.

"Counsel for Plaintiff: This is all right, Your Honor.

"Court: Is it agreed that I qualify the jury as to that insurance company?

"Counsel for Plaintiff: Yes, sir.

"Court: Is there any juror connected with the U. S. F. & G. Company, United States Fidelity and Guaranty Company—Insurance Company it is, own any stock therein, connected therewith, employed by them or have any business with them, or is there any reason why you could not render a true verdict in this case, unbiased?

"Juror: * * * We have the U. S. F. & G. in our agency.

"Counsel for Plaintiff: We challenge the juror for cause.

"Court: All right. You may be excused. * * *

"Court: They all seem qualified.

"Counsel for Plaintiff: Your Honor, I don't think you asked if any of them were agents or if any of their immediate families were employed by that insurance company.

"Court: Well, if I didn't, I'll ask it now. * * *

"Juror: My name is Robert C. Whiting. I am an insurance agent and have written through it.

"Counsel for Plaintiff: We challenge the juror for cause."

It will be noted that the only statement made to the effect that this insurance company was the insurance company of the defendants was by the defendants' own counsel. After the statement of defendants' counsel there was less need to avoid any reference to the insurance company. Accordingly we consider that the references to the insurance company were for the purpose of qualifying the jury and not for the purpose of prejudicing the jury.

 Another ground of the motion for a new trial which is the basis of Assignment No. 11 as well as one of the grounds of the motion for a new trial is that the trial court was in error in refusing to grant the defendants' challenge for cause when one prospective juror stated, "The plaintiff and I are personally acquainted and work for the same company." The test to be applied has been stated to be that of probable prejudice. Probable prejudice for any reason disqualifies a prospective juror. Mutual Building & Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817. For a juror to be impartial between the parties he must be "indifferent as he stands unsworn". Wilson v. State, 243 Ala. 1, 8 So.2d 422, 430. The appellants cite as authorities to show

probable prejudice the following cases: State v. Maxey, 218 S.C. 106, 62 S.E.2d 100; State v. Joiner, 163 La. 609, 112 So. 503; Johnson v. Reynolds, 97 Fla. 591, 121 So. 793; Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, 882. In the Maxey case it was held that the trial court did not err in excusing a juror who stated he was a friend of the defendant and that his friendship might embarrass him in returning a true and proper verdict. In the Joiner case the juror in question was a personal friend of the state's main witness and the deceased, who met death in an attempt to prevent such witness from being maltreated by defendant and had been told purported facts in the case by such witness. In the Reynolds case the juror stated he was afraid he could not render a fair verdict because of his friendly relationship with plaintiff's attorneys and that he would give the plaintiff the benefit of any doubt. Finally, in the Drennen case the court said:

"The juror was not only a tenant of the plaintiff, but a member of her household; and it is wholly improbable that he could have been indifferent to the result of the suit."

In the case at bar the juror stated:

"* * * I believe the first question was: are acquainted with the plaintiff? The plaintiff and I are personally acquainted and work with the same company."

We do not think that the questions and answers in the case at bar indicate probable prejudice. If the defendants felt that there was some friendship between the plaintiff and the prospective juror which would prevent him from forming a fair and impartial opinion then they should have propounded further questions in open court to determine the specific nature of the relationship.

 It is also contended by the appellants that the trial judge had no right or power to allow a juror to become a member of the panel after having once discharged

him. The transcript shows that there was some confusion in regard to which juror had been qualified. However, by quoting from the transcript we believe it can be readily seen that the trial judge did not intend to disqualify the juror referred to by the appellants.

"Court: This gentleman over here said he worked with the plaintiff. I don't think that is ground for challenge.

"Clerk: That is the one you granted. Mr. Meredith said he was personally acquainted with him and works with him, * * *.

"Court: I don't think that disqualifies him, unless you all challenge.

"Counsel for Defendant: I have already challenged him and I thought the Court granted the challenge.

"Court: No, I hadn't granted it.

"Counsel for Defendants: Well, may it please the Court, which juror were you talking about?

"Court: Whiting.

"Counsel for Defendants: Whiting?

"Court: Yes.

"Counsel for Defendants: I objected to that challenge and—

"Court: I overruled that.

"Counsel for Defendants: You overruled that. Then Mr. Meredith stood up and stated that he—

"Court: Was acquainted with him.

"Counsel for Defendant: That he worked with him—worked for the same company.

"Court: Worked with the same company, and I hadn't ruled on that and I will overrule it. I don't think that has anything to do with it."

It is also argued by the appellants that the motion for a new trial should have been granted in that the amount of the verdict is excessive and grossly out of proportion to the alleged injuries suffered. Tendencies of the evidence show that as a result of the accident one side of the plaintiff's face was crushed and shattered and that he sustained multiple compound fractures and a number of severe lacerations. There is also evidence tending to show that plaintiff's vision has been permanently impaired and that he is more susceptible to sinus infection and that he has an area in his face which is tender to the touch.

Prior to the accident plaintiff was employed with a basic salary of $500 per month. For a month plaintiff was unable to do any work. Tendencies of the evidence show that he had to return to a different job where he is earning only $400 per month and there was evidence tending to show that he had a life expectancy of 30 years. Tendencies of the evidence show that he incurred medical bills of at least $716.

In cases of this character the reviewing court is reluctant to substitute its judgment for that of the jury and lower court. Florence Hotel Co. v. Bumpus, 194 Ala. 69, 69 So. 566; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574. The correctness of the jury's verdict was strengthened by the action of the trial court in refusing to grant a new trial. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111. We are unwilling to say that the verdict was the result of passion, prejudice or partiality and we think the evidence, if believed, would authorize the verdict rendered by this jury.

There was no error in overruling the motion for a new trial.

Assignment of Error No. 10

When called as a witness by the defendants, Patrolman Hughes drew a diagram of the scene of the accident on a

blackboard. Some model automobiles which were produced by the plaintiff were then used by the patrolman to represent the position of the vehicles on the highway when he arrived at the scene of the accident. The defendants objected and contend that the trial court was in error in permitting these models to be used because they are not in proportion to the road and objects at the scene of the accident as portrayed in the sketch. The witness himself testified the sketch was not in proportion. The case of Walker v. State, 35 Ala.App. 167, 44 So. 2d 798, is cited as an authority to support the position taken by the appellants. This case held that the trial court did not abuse its discretion in sustaining objections to the introduction of a drawing because of misleading tendencies. The opinion shows that this drawing was very inaccurate and misleading.

This court has held that blackboards and charts are admissible in evidence for use in clarification, explanation and for use by counsel in drawing inferences or making calculations based upon matters in evidence. McLaney v. Turner, 267 Ala. 588, 104 So.2d 315. In the State v. Crumbley, 27 N.M. 226, 199 P. 110, the witness made a rough sketch in the presence of the jury for the purpose of illustrating his testimony. The admission of the same in evidence was held not error although the witness admitted the sketch was not accurate in some particulars. In Hall v. Sera, 112 Conn. 291, 152 A. 148, a witness while on the stand drew a sketch indicating the relative position of cars as he saw them after a collision. The court explained that the accuracy of the sketch was a proper subject for cross-examination and the fact that it was not drawn to scale and was not an authenticated map of the locality did not render it inadmissible but only affected its weight. An inaccuracy, if it is misleading, is such a distortion as may be, by its very nature, corrected on cross-examination. In the case at bar the trial court said, "The jury can determine what's what." The trial court obviously did not believe the inaccuracy was misleading. See 9 A.L.R.2d pp. 1044–1047.

## Assignment of Error No. 13

In his closing argument to the jury counsel for the plaintiff stated, "You just give us an adequate amount and you don't have to worry whether it goes to the Supreme Court or not." Assuming for the sake of argument that this statement is irrelevant to the cause before us, in order to justify a reversal we must conclude that substantial prejudice has resulted. In situations of this kind much must be left to the enlightened judgment of the trial court, with presumptions in favor of the ruling. Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165. There is nothing in the statement to indicate that the amount returned by the jury would be disturbed on appeal nor does the statement contain anything which might cause the jurors to shirk their duty. There is no error in this ruling.

## Assignment of Error No. 12

Error is based on following statement made in his closing argument by plaintiff's attorney, "You give us an adequate amount and we will collect the money." The appellants insist that this statement carries a "slightly veiled" suggestion that the defendants carried liability insurance and this being true, reversal is required. In support of their argument appellants cite Taylor v. Brownelle-O'Hear Pontiac Company, 265 Ala. 468, 91 So.2d 828. In that case counsel for plaintiff stated in his argument that he had dismissed one defendant because he didn't wish to penalize him and that he was after someone who could pay. In that case the court granted the motion for a new trial but in the case at bar the court denied the motion for a new trial. We have often said as stated in Taylor v. Brownelle-O'Hear Pontiac Company, supra, that the granting or refusal of a motion for a new trial is a matter resting largely in the discretion of the trial court and that there is presumption that the court's discretion was properly exercised.

The statement in the case at bar differs from the statement in the foregoing case in

that the statement in the instant case does not suggest some invisible party "whose business it is to stand for and pay such damages" and who will come forth and bear the burden. We find no error in this ruling of the court.

### Assignments of Error Nos. 7 & 8

During the direct examination of the plaintiff he was asked what damage was done to his car, although this was not an item of damages claimed in the complaint. Plaintiff testified that the car was a total loss. The appellee insists that this was done in order to show the force of the impact.

 The appellants argue that the plaintiff also stated in his response, "The insurance company paid for it." The record does not indicate, however, that the plaintiff mentioned insurance on the direct examination. On cross-examination the defendants brought out that the plaintiff's insurance paid the damages to the car. The defendants also elicited from the plaintiff that there was no claim for damages to the car and the trial court informed the jury, "He is not suing for damages to this car." Accordingly it was not error for the trial court to sustain objections to more questions by the defendants regarding the plaintiff's insurance and whether or not plaintiff had another suit pending claiming damages for the car.

### Assignment of Error No. 45

 The trial court refused to give the defendants written requested charge No. D–35 which reads as follows:

"I charge you gentlemen of the jury that if you are reasonably satisfied from the evidence that the plaintiff was guilty of any negligence which proximately contributed to the alleged injuries and damages, even in the slightest degree,

then you cannot find a verdict for the plaintiff."

It is sufficient to say that this charge was covered by the oral charge of the court and by another written charge given at the request of the defendants.

### Assignment of Error No. 35

 It is argued that the court was in error in refusing to give the defendants requested written charge No. D–16 which reads as follows:

"I charge you gentlemen of the jury that you cannot award the plaintiff any damages for any alleged chest injury."

It is sufficient to say that there is no error here because the plaintiff did not make any specific claim for chest injuries and no evidence was introduced as to any chest injury.

### Assignment of Error No. 32

Error is predicated on the refusal of the court to give the defendants written requested charge D–13 which reads as follows:

"I charge you gentlemen of the jury that you cannot award the plaintiff any damages for any alleged back injury."

Again we say that there was no error in the refusal of the court to give this charge since there was no specific claim for damages for any alleged back injury and no evidence introduced to support the item in question.

Upon consideration we conclude that the judgment of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.