330 So.2d 423

**C. J. REHLING, Toxicologist for the State of Alabama**

**v.**

**Ida Lee CARR.**

**SC 1534.**

Supreme Court of Alabama.

April 2, 1976.

William J. Baxley, Atty. Gen., and Randolph P. Reaves, Asst. Atty. Gen., for appellant.

.Jones & Monroe, Birmingham, for appellee.

Brittin T. Coleman and Michael H. Mobbs, Birmingham, for amici curiae, Eual E. Mooney and Bobby Maness.

BLOODWORTH, Justice.

This appeal presents for our review a summary judgment rendered by the Circuit Court of the Tenth Judicial Circuit granting appellee Carr certain injunctive relief.

The parties involved on this appeal are the appellee, Mrs. Ida Lee Carr, who

sought the injunctive relief, and the appellant, the toxicologist, C. J. Rehling, one of the parties against whom the injunction was sought.[1] An amicus curiae brief has also been submitted in support of the appeal by certain third parties who are the defendants in a wrongful death action instituted by Mrs. Carr, seeking to recover damages for the death of her husband.

Mrs. Carr's husband was killed on June 4, 1975, when his automobile ran under the trailer of a tractor trailer truck. This collision caused a severe head injury to Mr. Carr, which apparently caused his death. Deputy County Coroner Parker, who was called to the scene of the collision, determined that Mr. Carr met his death as a result of injuries received in the accident. Mr. Carr's body was removed to a local hospital where a further examination of the body was made and a blood sample was drawn from the deceased's heart by Parker. Parker sent this blood sample to the State Toxicologist for an alcohol content analysis.

On June 16, 1975, Mrs. Carr's bill for declaratory judgment and an injunction was filed naming as defendants Deputy Coroner Parker and State Toxicologist Rehling. The motion alleged that the blood sample was illegally obtained and that irreparable injury would occur if the sample were not immediately returned to Mrs. Carr. The preliminary injunction was granted without notice on the day of its filing.

After a hearing at which both defendants Parker and Rehling were represented, a final decree was rendered on August 5, 1975, granting summary judgment in favor of Mrs. Carr. The trial court ruled that Parker's actions in taking the blood sample were unauthorized and that the submission of the blood sample to the State Toxicologist was also unauthorized. The decree ordered the return of the blood sample

to Mrs. Carr and prohibited any public recording of the results of the blood sample tests.

Meanwhile, on July 15, 1975, Mrs. Carr filed suit against E. E. Mooney and B. Maness claiming damages in the amount of $300,000 for the wrongful death of Mrs. Carr's husband. In their amicus curiae brief, Mooney and Maness allege that they had no notice of the injunction proceedings, until after the final decree was issued. They state that they did not learn of the injunction until December, 1975, when their attorneys, in the course of preparing for trial in the wrongful death action, requested information from the State Toxicologist's office concerning the analysis of the blood sample taken from the deceased. Counsel for Mooney and Maness were then informed that the release of such information was prohibited by injunction. They maintain that evidence of the alcohol content of the blood of the deceased is extremely material to the issue of their liability in the wrongful death action.

On this appeal, State Toxicologist Rehling argues that Mrs. Carr sought the injunction for the purpose of restricting Mooney's and Maness' access to the blood alcohol analysis of the deceased's blood for purposes of their defense in the wrongful death action. Rehling contends that to obtain an injunction for the purpose of suppressing evidence of this nature constitutes an abuse of the judicial process, and constitutes an impermissible interference with a public officer's exercise of duties within his discretion or judgment.

In response, appellee Carr contends that the coroner's statutorily-conferred authority was exceeded by taking the blood sample. Appellee argues that the deceased's fatal head injury made his cause of death obvious and, therefore that the blood analysis in this case was improper. Appellee contends that as the spouse of the deceased

---

1. Although the Deputy Coroner took an appeal in this cause, we were advised in brief that he has dismissed it. We find no record thereof in the transcript but both parties treat his dismissal as having been effected, and so do we.

she is entitled to the custody of the body, and parts of the body, of her deceased husband.

■ There is no authority of which we are aware, or of which we have been advised, authorizing a coroner or deputy coroner to take a blood sample from a deceased as was done in this case.

Tit. 15, § 76, Code 1940, authorizes a coroner to impanel a coroner's jury and to make inquiry of the facts and circumstances of the death of a person when he "has been informed that a person has been killed, or suddenly died under such circumstances as to afford a reasonable ground for belief that such death has been occasioned by the act of another by unlawful means, . . . ." This section does not authorize the taking of the blood sample by the deputy coroner in this case.

Tit. 36, § 154, Code 1940, as amended [Tit. 36, § 154, Code 1958, Recompiled] the "Implied Consent Law" states:

"(a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this chapter, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor. . . ."

"(b) Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this section and the test or tests may be administered, subject to the provisions of this chapter."

But, Tit. 36, § 155, supra, states:

"(c) Only a physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician acting at the request of a law enforcement officer may withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of breath or urine specimens."

Thus, neither of these sections authorize the deputy coroner to do what he did in the case before us. Nothing appears in the record to indicate that the deputy coroner falls within any of the classes of persons set out in § 155, Tit. 36, supra.

■ We must then conclude that, having no statutory right to withdraw the blood sample in question, the coroner's act was unauthorized. The blood sample, being a part of the remains of the deceased, is due to be returned to the surviving spouse (the plaintiff-appellee here) who has a paramount right thereto. *Southern Life & Health Ins. Co. v. Morgan*, 21 Ala.App. 5, 105 So. 161 (1925), *cert. den.*, 213 Ala. 413, 105 So. 168.

The judgment of the trial court is affirmed to the extent that the blood sample is ordered to be returned to appellee.

■ On the other hand, we find no authority, nor have we been cited to any, which authorizes the trial judge to order that no public record be made of the results of the tests made upon the blood sample and that any report of the tests or examinations thereof be returned to appellee. Previously, this Court has held that the reports of a state toxicologist are public records. Tit. 7, § 393, Code of 1940; *Seals v. State*, 282 Ala. 586, 213 So.2d 645 (1968).

The judgment of the trial court is reversed to the extent that it orders that "no public record shall be made of any result of tests made upon the said blood sample and any result or report upon any written tests or examinations of the said blood

sample shall be, *forthwith*, delivered to Plaintiff," etc.

The cause must be reversed and remanded for the entry of a judgment in conformity with this opinion. The motion for summary affirmance is denied.

AFFIRMED IN PART.

REVERSED AND REMANDED WITH INSTRUCTIONS.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.