Lisa Chapman was fatally injured in an automobile collision. Her father filed this wrongful death action, and a jury returned a verdict for the defendant. The father's motion for a new trial claimed that the trial court erred:
1. In refusing to allow the introduction into evidence of pictures of the deceased lying on the mortician's table;
2. In refusing to admit into evidence blood samples of the deceased;
3. In allowing the defendant to testify that her husband was on strike and out of work.
Chapman also argues that the verdict was contrary to the great weight of the evidence because he claims that there was no evidence from which the jury could determine that Lisa Chapman was at fault.
 I
The trial court did not err in refusing to allow Chapman to introduce certain pictures, which depicted the deceased lying on the mortician's table in a manner which emphasized different injuries she received in the automobile accident. We have viewed the pictures offered, and we are of the opinion that the trial court did not err. Bagley v. Grime, 283 Ala. 688,220 So.2d 876 (1969).
 II
Did the trial court err in refusing to allow the plaintiff to introduce the result of blood sample tests made of the deceased? These tests were offered to rebut any inference that the deceased was intoxicated by alcohol or drugs on the date of the accident. The trial court did not err in excluding these tests from the evidence. No issue was made that the deceased was intoxicated, and the trial judge told Chapman's attorney that his ruling might change if the blood sample test were offered at some other time during the course of the trial. Chapman's attorney responded: *Page 321 
 "There is no evidence before the jury at this time, but I think it would certainly do away with and erase any speculation on the part of any juror, with respect to it, and that is the purpose of the offer."
There was no testimony in the case that the deceased was under the influence of drugs or alcohol and no contentions were made to that effect by counsel for the defendant. The plaintiff's attorney stated in opening statement that he expected to prove by the coroner that a blood sample taken from the deceased showed the absence of drugs or alcohol. The question of the admissibility of the test was discussed in chambers out of the presence of the jury, and the coroner testified that a blood sample was drawn by him, or under his supervision, in the embalming procedure at the funeral home. The coroner testified that the blood was not drawn by a physician or a nurse, but that it was just an embalming procedure at the funeral home. No formal offer of the report of the testing of the blood was made, but the court indicated that an objection to its admissibility would be sustained if an offer were made. There was no error in refusing to permit evidence of the blood sample to be admitted into evidence.Rehling v. Carr, 295 Ala. 366, 330 So.2d 423 (1976); Lankfordv. Red Wing Carriers, Inc., 344 So.2d 515, Ala.Civ.App. (1977).
 III
Chapman further complains that the trial court committed error in overruling his objection to the following question propounded to the defendant's wife by defendant's counsel:
 "I believe your husband was out of work at that time."
The record shows that this question was never answered. This Court has continuously held that error cannot be predicated on the overruling of objections where the question is never answered. Orton v. Gay, 285 Ala. 270, 231 So.2d 305 (1970).
 IV
Chapman's last issue states that the trial court erred in failing to grant his motion for a new trial because the verdict was against the great weight of the evidence. We do not agree.
The rule is stated in Moon v. Nolen, 294 Ala. 454,318 So.2d 690 (1975):
 "`. . . This court has held many times that verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785. Furthermore, verdicts are presumed correct and the presumption in favor of the correctness of the verdict is strengthened when a new trial is denied by the court. Mintz v. Millican, 266 Ala. 479, 97 So.2d 769. Furthermore, on appeal from a judgment . . . this court must review the tendencies of the evidence most favorable to the [prevailing party] allowing such inferences as the jury was free to draw. Jeffrey Mfg. Co. v. Hannah, 268 Ala. 262, 105 So.2d 672.' Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391
(1961)."
We have carefully reviewed the evidence and are not convinced that the verdict is without support.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 322