The defendant was indicted and convicted of assault in the first degree. Alabama Code 1975, Section 13A-6-20. Sentence was eighteen years' imprisonment.
 I
The defendant claims that since one of the prospective jurors worked part-time at *Page 1242 
Rich's Department Store where the security guard was assaulted the court erred when it overruled defendant's motion to strike the juror for cause.
In qualifying the jury venire, the following occurred:
 "MR. GOMANY (Assistant District Attorney): Does anyone know Mr. Clemons? Let me identify him further. At the time of the incident he was employed as security officer for Rich's Department Store out at Century Plaza.
"PJ PUCHTA: (Raised hand.)
"MR. GOMANY: Now, Ms. Puchta —
"PJ PUCHTA: I was employed at Rich's part-time.
 "MR. GOMANY: Were you there when this incident occurred? Do you recall it?
"PJ PUCHTA: I was not working at the time.
 "MR. GOMANY: Okay. This happened back on September 22d 1980.
 "PJ PUCHTA: Well, I was working at the store, but not that particular day it happened.
 "MR. GOMANY: Okay. Do you recall any of the events about it?
"PJ PUCHTA: Very few. I wasn't involved at all.
 "MR. CONWAY (Defense Counsel): Judge, we challenge for cause.
"MR. GOMANY: We except to that.
 "THE COURT: Ms. Puchta, I have to ask you what I asked this other gentlemen. As you heard me say, your verdict — if you're on the jury your verdict has to be based solely on the evidence you hear in this case and then on the law which I will give you at the end of the case. It should not be based on anything outside the case. Now, whatever you heard, is this just from hearing someone that was around there?
"PJ PUCHTA: Yes, sir.
 "THE COURT: Now, can you base — I don't know what you heard or whether you heard much of anything, but can you base your verdict solely on what you — on the evidence that you hear only in this courtroom and the law and not on anything that you have heard about this matter outside the courtroom?
"PJ PUCHTA: Yes, sir, I can.
"THE COURT: All right. I overrule the motion.
"MR. CONWAY: We reserve an exception."
The facts that the victim and a prospective juror are personally acquainted and work for the same company do not automatically disqualify a juror for cause. Grandquest v.Williams, 273 Ala. 140, 146, 135 So.2d 391 (1961). Employment of the juror by the same company that employed the victim is not a prima facie indication of interest or bias on the part of the juror. Glenn v. State, 395 So.2d 102, 107 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 110 (Ala. 1981).
While bias or "probable prejudice" will disqualify a prospective juror, we find no abuse of discretion on the part of the trial judge in denying the challenge for cause. If the defendant felt there was some relationship between the witness and the prospective juror which would prevent the juror from forming a fair and impartial opinion he should have propounded further questions to determine the specific nature of the relationship. Grandquest, 273 Ala. at 146, 135 So.2d 391.
The defendant also argues that the prospective juror had independent knowledge of the facts of the incident. "As the Supreme Court and lower courts have continually reiterated, the constitutional standard of fairness requires only that the accused have `a panel of impartial "`indifferent'" jurors' who base their decision solely on the evidence produced in court; it does not require jurors to be wholly ignorant of the case."Mayola v. State of Alabama, 623 F.2d 992 (5th Cir. 1980), quoting from Murphy v. Florida, 421 U.S. 794 at 799-800,95 S.Ct. 2031 at 2035-2036, 44 L.Ed.2d 589 (1975).
The record reveals that the prospective juror knew few events about the case and was not involved in any way. She affirmed that she could base her verdict solely on the *Page 1243 
evidence presented in court. It was not error for the trial judge to deny defendant's challenge for cause. Jarrell v.State, 355 So.2d 747 (Ala.Cr.App. 1978).
 II
The defendant argues that the trial judge erred when he allowed the State to introduce evidence of another crime to show the defendant's intent because such evidence was more prejudicial than probative.
Rich's store detective, Billy Ray Clemons, attempted to arrest the defendant and his brother for shoplifting on September 23, 1980. Without warning, the defendant slashed Clemons across the face with a knife and escaped.
The next day the defendant was arrested after stealing some jewelry at a different Rich's department store. The defendant argues that the testimony of this second shoplifting incident requires a reversal of his conviction. We disagree.
Identification was not an issue in this case. The defendant admitted cutting the security guard but claimed that he struck only after he had first been attacked and then only in self-defense. The comments of the trial judge make it clear that the jury was informed of these contentions in the opening argument of defense counsel.
Under exceptions to the general rule excluding evidence which tends to show the commission of a crime other than that for which the defendant is on trial, evidence may be admitted to show motive, intent or scienter. C. Gamble, McElroy's AlabamaEvidence, Section 69.01 et seq. (3rd ed. 1977). Under this exception, evidence of other offenses is admissible to show whether the defendant's intent was unlawful or whether it was good and lawful, Burt v. United States, 139 F.2d 73 (5th Cir. 1944); whether the accused acted intentionally or accidentally,Lucy v. State, 340 So.2d 840 (Ala.Cr.App.), cert. denied, Exparte Lucy, 340 So.2d 847 (Ala. 1976); or to show the purpose with which the act was committed, O'Neal v. State, 50 Ala. App. 31, 276 So.2d 616, cert. denied, 290 Ala. 370, 276 So.2d 621
(1973). For a comprehensive statement of the principles involved see Allen v. State, 380 So.2d 313 (Ala.Cr.App. 1979), cert. denied, 380 So.2d 341 (Ala. 1980).
Under the particular facts of this case, the major issue the jury had to determine was whether the defendant cut the security guard in an attempt to escape after committing a crime or whether the assault was committed in self-defense. Thus the issue of whether the defendant was actually shoplifting was fundamentally related to the issue of the intent of the assault.
The limited purpose of the evidence of the subsequent shoplifting charge was carefully explained by the trial judge to the jury.
 "THE COURT: Now, ladies and gentlemen, you understand that the only charge involved here is assault in the first degree which allegedly occurred on the 23rd of September 1980. You are now hearing testimony about what happened at Rich's, a different Rich's, on the 24th of September.
 "First, again you are only trying the assault that occurred on the 23rd, allegedly occurred on the 23rd. You are hearing testimony about what this witness states is a theft in Rich's the next day by these two people. And I emphasize that's what this witness says. I don't have any comment one way or the other, true or false. But this is coming to you — This information is coming to you only for a very, very limited purpose. It has absolutely nothing to do with the actual guilt or innocence of the incident on the 24th. It is coming to you — As the Court understands the position of the parties in this, the defendant claims at the outset that his defense is that of self defense to the charge of assaulting Mr. Clemons, that it was self defense. And that he on this occasion, on the 23rd, was not stealing, had not taken anything and was not taking anything. Therefore, intent is something that is necessary to be shown on the incident of the 23rd. The intent to defend one's self. Because if someone is stealing, then a person who is in authority *Page 1244 
is under a different law than if someone walks up and starts a fight. The defense of one's property or the property of a store that he's employed by, it comes under a different law than just a plain assault between two people. And the Court is letting this testimony in on the 24th only for the purpose of showing intent, if there be any. I don't say there's intent or no intent. The Court is letting it in only for your consideration as to the defendant's intent because the law says — Well, we won't go into all that. And that is the only reason. Not as to whether or not he is guilty or not guilty of the 23rd incident but to show intent. And it comes to you under what is generally known as a scheme, plan or design, which the law makes certain exceptions to. And, of course, just because someone is charged with something on the 23rd does not mean that something else they were doing on the 24th, there's no indication that they are guilty of what the 23rd was. But it is in for the purpose of intent and intent only."
Here, the judge was within his discretion in allowing this evidence to come before the jury. We believe that the challenged testimony about the subsequent shoplifting incident is relevant and "tends to prove guilt otherwise than as tending to prove guilt by way of bad character." Scaloni v. State,383 So.2d 586 (Ala.Cr.App. 1980). "If evidence is relevant and competent it should be admitted regardless of its incidental effect." Wilkins v. State, 29 Ala. App. 349, 353, 197 So. 75
(1940).
"A part of the deliberations toward any decision to admit the details of a prior crime is the trial judge's discretionary consideration of whether the evidence will result in a multiplicity of the issues or whether its prejudicial effect will far outweigh its probative value." McElroy, Section 69.02 (8). Although the second shoplifting incident did not involve an assault, it was relevant and highly probative of the defendant's intent in assaulting the security guard upon being charged with shoplifting.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.