## WILLIAM W. HUMPHREY v. MONIDA & YELLOWSTONE STAGE COMPANY.[1]

June 9, 1911.

Nos. 17,139—(63).

**Verified pleading evidence in other actions.**

A pleading made and verified by a party in another action is competent evidence, so far as relevant, in any action to which he is a party.

**Evidence of collateral facts.**

Where there is a conflict in the testimony of witnesses, relevant to the issue, evidence of collateral facts is admissible which have a direct tendency to show that the statements of the witnesses on one side of the issue are more reasonable than on the opposite side. The admission of such evidence rests in the fair discretion of the trial court, but it should be received with caution.

**Additional instructions to jury — presence of counsel.**

Additional instructions may be given in open court to the jury upon their return into court, although counsel for one or both of the parties is not present. If one be present, he may, in the absence of counsel for the opposite party, make any suggestions to the court which would be proper if counsel on the other side were present.

**Verdict sustained by evidence.**

*Held,* that the evidence sustains the verdict, and that the trial court did not err in its rulings on the admission of evidence, nor in its charge, nor in denying a motion for a new trial on the ground of the misconduct of the attorney of the prevailing party.

Action in the district court for Ramsey county to recover $2,500 for money advanced. The answer admitted a former partnership between F. J. Haynes and plaintiff, but denied that it ever en-

[1]Reported in 131 N. W. 498.

tered into any agreement with plaintiff for the purpose of borrow-
ing money, or that it had ever received any money from plaintiff
and alleged that plaintiff was paid in full any indebtedness due
from the corporation.   The reply was a general denial.   The case
was tried before Orr, J., and a jury which returned a verdict in
favor of plaintiff for $3,875.   From an order denying defendant's
motion for judgment notwithstanding the verdict or for a new
trial, it appealed.   Affirmed.

*James R. Hickey* and *James A. Martin,* for appellant.

*Edward B. Graves, Martin H. Albin* and *Marcus D. Munn,* for
respondent.


START, C. J.

This action was commenced in the district court of the county
of Ramsey in July, 1908, to recover $2,500, with interest thereon,
from February 28, 1900.   The complaint is to the effect that the
plaintiff, then a stockholder of the defendant, a corporation, ad-
vanced to it $2,500 to be used by it in the payment of its debts;
that in consideration thereof the defendant promised to repay the
amount so advanced to the plaintiff, with interest at eight per cent.
per annum, on demand, at any time after the defendant should be
financially able so to do; and, further, that it was not financially
able to repay the $2,500 prior to January 1, 1907, but thereafter it
was, and that the plaintiff duly demanded its repayment, which was
refused.   The answer denied these allegations of the complaint, and
alleged that the action was barred by the statute of limitations.   The
case was tried to a jury, and a verdict returned in favor of the plain-
tiff for $2,500, with six per cent. interest.   The defendant appealed
from an order denying his motion for judgment or a new trial.

The assignments of error urged in the brief logically fall into
three groups.   They relate to the sufficiency of the evidence to sus-
tain the verdict, to the court's rulings as to the admission of evi-
dence and to its instructions to the jury, and the conduct of plain-
tiff's counsel upon the jury coming into court for further instruc-
tions.

1. The evidence relevant to the issue whether the plaintiff ad-

vanced to the defendant $2,500, to be repaid to him, is complicated and conflicting. It is perfectly obvious, however, from the record, that the defendant's motion for judgment notwithstanding the verdict was properly denied. The question whether the trial court erred in denying the defendant's motion for a new trial, on the ground that the verdict is not justified by the evidence, is a debatable one; but a careful examination of the record has led us to the conclusion that the evidence sustains the verdict. Whether the verdict should have been for the plaintiff or the defendant depended upon the respective credibility of the testimony of the plaintiff and that of the defendant's president, which was a matter for the jury to determine.

2. The defendant assigns many alleged errors in the rulings of the trial court as to the admission of evidence; but we have considered those specially urged in the brief of counsel, and find that only a few of them merit special mention. On the trial the number of shares of the capital stock of the defendant issued to the plaintiff became material. The plaintiff claimed that he was entitled to, and that there were issued to him, two hundred thirty shares, while the defendant claimed that he was entitled only to eighty shares. The total number of shares was five hundred. It was admitted that two hundred sixty shares were issued to Mr. Haynes, the defendant's president, and ten shares to its attorney. Plaintiff admitted that only eighty shares were actually issued to him when the corporation was organized; but he testified that he subscribed for two hundred thirty shares, and the balance was subsequently issued to him. This was denied by the defendant.

The plaintiff offered in evidence an admission of the defendant, contained in its answer in an action wherein a third party was plaintiff, and the defendant, its president, Haynes, and the plaintiff herein, were parties defendant. The admission in the answer, which was verified by an officer of defendant, was to the effect that four hundred ninety shares of the defendant's capital stock was issued to the plaintiff and Haynes, and was received in evidence over defendant's objection that it was incompetent, irrelevant, and immaterial, and that the complaint to which the answer referred must be

offered with it. This ruling is here assigned as error, for the reason that the answer was prepared without the knowledge of Mr. Haynes, the president, that it did not state the facts, and was received without the introduction of the complaint. It is quite obvious that the objections were not sufficient to advise the trial court of the precise objection to the evidence; but, as respective counsel have discussed the question on its merits, we dispose of the question on the merits.

The record does not justify the facts assumed. No claim was made that the answer was unauthorized. The defendant's president, who seems to have had the general supervision of the affairs of the defendant, testified to the effect that on behalf of the defendant he interposed the answer in the action referred to. The part of the answer received in evidence was read to him, and he was asked the question: "Now that is true, is it not? A. If I made that answer, it is true; yes, sir. Q. That is true, is it not? A. Yes, sir." Upon his examination by defendant's counsel, he testified as follows: "Q. Now, this answer, Mr. Haynes—you didn't verify that, did you? It was made on the 20th of June, 1906. A. No; I wasn't here then. Q. Where were you at that time? A. Out in the Park." The absence of the president from the state when the answer was interposed is not material; for it was done by his authority, and the answer was verified by an officer of the defendant.

The admission in the answer was not conclusive; for, if the admission was made contrary to the fact, the defendant could show it. The evidence was sufficient to show prima facie that the answer was made and verified by the authority of the defendant. This was a preliminary question for the trial court, and its decision thereon cannot be reversed, if there be any evidence fairly tending to support it. The answer having been authorized by defendant, and verified, the case falls within the rule that a pleading, made and verified by a party in another action, is competent evidence, so far as relevant, in any action to which he is a party. Siebert v. Leonard, 21 Minn. 442.

It was not error to receive the admission in the answer in evidence. Nor was it error to receive in evidence the affidavit of the

president, Haynes, containing substantially the same admission as that in the answer; for it tended to contradict his testimony that only eighty shares of stock were issued to the plaintiff. It was alleged in the complaint that the plaintiff advanced to the defendant $5,000, to be used in the payment of its debts, and that it was repaid. Evidence was received over the objection of the defendant to the effect that the plaintiff secured from a bank a loan of $5,000 for the benefit of the defendant, that both the plaintiff and Haynes signed the note therefor, and that the defendant paid the loan. The trial court instructed the jury in this connection that the plaintiff secured a loan of $5,000 and turned it over to the president of defendant for its use, that it was repaid by the defendant, and that the jury need not concern themselves as to the manner of its payment, for it was paid and out of the way. The admission of the evidence and the instruction of the court is assigned as error.

The evidence seemingly was offered and received as tending to show the reasonableness of the plaintiff's testimony that he advanced to the defendant $2,500, which was denied. If such were its tendency, it was properly received; for, where there is a conflict in the testimony of witnesses relevant to the issue, evidence of collateral facts is admissible which have a direct tendency to show that statements of the witnesses on one side of the issue are more reasonable than on the opposite side. In the practical application of the rule, the admission of such evidence rests in the fair discretion of the trial court; but it should be received with caution, as it raises collateral issues which are liable to confuse the jury. Phillips v. Mo, 91 Minn. 311, 97 N. W. 969. The evidence received in this case had only a slight tendency to show that the plaintiff's testimony was reasonable and probable, and it might well have been excluded. We cannot, however, say that the reception of the evidence was an abuse of discretion, especially in view of the instruction to the jury. We find no reversible errors in the rulings of the trial court as to the admission of evidence.

3. It appears from the settled case that the jury, on the opening of the court on the morning of the day next after the case was submitted to them, came into court and were asked by the court: "Gen-

tlemen,. is there any prospect of an agreement in this case? The Foreman: I think not, your honor. The Court: * * * The issue in this case is so well-defined and simple I thought you would be in in twenty-four hours. Mr. Munn: Would it be possible that there may be some fact that they may get advice from the court on? It seems to be a simple case. The Court: They asked one question yesterday, and it wasn't answered, and I haven't heard from them since. They did not find the record of that. I do not think that was ever answered. The Juror: It was not found. It was immaterial anyhow. The Court: (That record or admission was withdrawn, so that it could not be read. It was not an admission that was necessary for you to have, because it was withdrawn.) Mr. Munn: I know he made the admission and withdrew it. The Court: And withdrew it. Mr. Munn: It is such a simple case. It is quite an expense to try it again, and if there is a prospect of an agreement in the case, we would like to have it settled, if we could. They have been out all night, and I appreciate the fact that it is a hard job, and I don't ask the court to inflict any unnecessary hardship on the jury, but possibly there may be some fact that they may get advice on in the case. The Foreman: Your honor, would it be proper to ask one simple question? The Court: You may come over and ask it. The foreman then communicated with the court, and thereupon took his seat in the jury box. The Court: The foreman asks me as to the contract that was claimed to have been entered into between Mr. Humphrey and Mr. Haynes as president of the corporation. (The contract was not a written contract; it never has been in writing; it was an oral contract, which was testified to by Mr. Humphrey and which was denied in the examination of Mr. Haynes.) I think I will let you retire again. Mr. Munn: (In connection with that contract, of course, the statement of Mr. Humphrey, the evidence on that, the subsequent turning over the money and the entry in the books—) The jury retires."

While the settled case is silent as to the presence of defendant's counsel at this time, an affidavit made on motion for a new trial shows that they were not present. No objections were made to any statement made by court or counsel when the jury came into

court; but defendant here claims that what was said by the court to the jury were in effect instructions to them, which also by necessary implication included an approval of the remarks of counsel, and therefore the alleged errors therein could be specified in its notice of motion for a new trial, as was done. The portion of what the court said, which we have inclosed in parentheses, may fairly be construed as instructions to the jury, and was properly excepted to on the motion for a new trial. Neither of these instructions was prejudicial to the defendant. The contract referred to in the second instruction clearly refers to the contract claimed by the plaintiff to have been entered into. The trial of a case is not concluded until a verdict is rendered or the jury discharged, and additional instructions may be given in open court upon the jury coming in, although counsel for one or both of the parties is not present. Hudson v. Minneapolis, L. & M. Ry. Co., 44 Minn. 52, 46 N. W. 314.

Such being the case, counsel may make any suggestion to the court which would be proper if counsel for the other side were present. It follows that the suggestions made to the court by counsel for the plaintiff in this case up to the time the jury were directed to retire were not improper. The statement made by counsel when the jury was in the act of retiring, which we have inclosed in parentheses, was not proper, and we do not approve of it. The record, however, indicates that the statement was not completed, and it is not clear that the jury heard it; but, assuming that they did, the question here to be decided is whether the trial court abused its discretion in refusing a new trial for such alleged misconduct. The trial court heard this matter on its merits, giving to it careful consideration, and denied the motion. We are of the opinion that the court in so doing did not abuse its discretion. We find no reversible errors in the record.

Order affirmed.