## L. C. BRUSLETTEN v. K. E. RELYEA.[1]

April 19, 1940.

No. 32,370.

*Thomas H. Quinn* and *James H. Caswell,* for appellant.
*Lucius A. Smith,* for respondent.

HOLT, JUSTICE.

Plaintiff and defendant, the owners and drivers of automobiles, collided at a street intersection in the city of Faribault, this state, wherein plaintiff sustained personal injuries and damages to his car. He seeks recovery, alleging that the collision was caused by defendant's negligence. Defendant denied negligence and counterclaimed for damage to his car alleging that such damages were due to plaintiff's negligence. At the time of the collision Genevieve Becker was a guest passenger in plaintiff's car. She was called by him as a witness and testified that plaintiff drove with due care, but that defendant came into the intersection at a speed of not less than 40 miles an hour, after plaintiff had entered. On cross-examination she was shown the complaint verified by her

[1]Reported in 291 N. W. 608.

seeking to recover damages she received in this same collision from both parties hereto, alleging that the respective defendants were each driving in a reckless manner, in that they were each proceeding at a high, dangerous, and reckless rate of speed without proper lookout and without complying with the rules of the road. She admitted that she signed and swore to the verification. The complaint with attached verification was offered in evidence by defendant and received without objection. On redirect plaintiff's attorney attempted to prove by Miss Becker that the complaint was not attached when she signed the verification; that she had not talked to him about the collision; and had never read the complaint. Upon defendant's objection that it was incompetent, irrelevant, immaterial, and not proper rebuttal, the court excluded the tendered proof. This ruling presents the only ground for disturbing the verdict in favor of defendant upon the counterclaim. We note that the verdict was not challenged in this motion for a new trial, which was asked solely because of the mentioned ruling.

It should be stated that the court permitted Miss Becker to testify that she had not read the verification when she swore to it, which verification, in part, was: "she has read the foregoing pleading and knows the contents thereof; that the same is true of her own knowledge," etc. She was also permitted to testify that she was in the hospital when the verification took place, and as to her then condition, "I wasn't able to walk; and of course I was definitely good and sick, or I wouldn't have been there." The rule is that when a witness is impeached on cross-examination by the introduction of a writing signed by the witness the circumstances under which the signature was affixed may be shown on redirect to affect or explain away the force of the impeachment. The rule is stated in Carpenter v. Tri-State T. & T. Co. 169 Minn. 287, 211 N. W. 463, where our prior decisions are cited and discussed, except Humphrey v. Monida & Yellowstone Stage Co. 115 Minn. 18, 131 N. W. 498. But the extent to which the party, whose witness is thus impeached by a pleading verified by the witness, may go on redirect to explain the circumstances under which

the verification was made rests largely in the discretion of the trial court. First Nat. Bank v. Strait, 75 Minn. 396, 399, 78 N. W. 101, 102, in referring to an assigned error in respect to redirect examination of a witness impeached by his two written admissions, the court said: "Conceding that it was not [proper redirect], it was nevertheless within the discretion of the court to permit it." 70 C. J. p. 698, § 853, and citation under note 49. It occurs to us that no abuse of judicial discretion is here shown. The witness was permitted to testify that she did not read the verification she executed, and that she was in the hospital unable to walk and in pain. We may also suggest that the circumstances plaintiff sought to prove so outraged ethical proprieties of the practice of law that the trial court was justified in drawing the line rather closely with respect to the proffered testimony. This testimony was that the attorney had not attached or drawn the complaint or even talked to the client about the collision when he presented the verification for her signature and oath. No further comment is needed.

The judgment is affirmed.