RUSSELL, Judge.
This case involves a claim for overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (1988), and the Portal-to-Portal Act, 29 U.S.C. § 255(a) and § 260 (1988).
In November 1988 nine present and former employees of Alabama Agricultural and Mechanical University (“Alabama A & M” or “the university”) filed an action against the university, claiming that they were entitled to overtime compensation under the Fair Labor Standards Act (FLSA) for all time worked over 40 hours per week during the period from April 15, 1986, to November 8, 1988. The employees were employed by Alabama A & M as residence hall counselors in on-campus female dormitories. The parties have stipulated that each of the employees worked a total of 60 hours during every workweek relevant to this action and that the employees never received any overtime pay from the university.
The FLSA generally requires the payment of a minimum wage and overtime compensation for hours worked in excess of 40 per workweek. 29 U.S.C. § 207. However, employees working in an executive, administrative, or professional capacity are exempt from the requirement of overtime pay. Under the FLSA 29 U.S.C. § 213(a)(1), the United States Secretary of Labor is given authority to promulgate regulations describing the administrative exemption from overtime compensation requirements. The pertinent federal regulation for determining the applicability of the administrative exemption under the present facts is found at 29 C.F.R. § 541.2(e)(2) (1983), which provides that an employee making at least $250 per week comes under the administrative exemption if (1) her “primary duties” consist of performing work “directly related to management policies or general business operations” of her employer, and (2) these tasks “include[ ] work requiring the exercise of discretion and independent judgment.”
The record reveals that the employees who are parties to this action began working as residence hall counselors at Aabama A & M as long ago as 1964 and as recently as 1987. In late 1986 two of the employees complained to university officials about being underpaid for the hours they had worked. The university then requested its in-house counsel to conduct an investigation into whether residence hall counselors were entitled to overtime pay. Upon completing her investigation, the thoroughness of which is disputed by the parties, the university’s counsel concluded that the employees’ duties met the criteria of 29 C.F.R. § 541.2(e)(2), making them exempt administrative employees under the FLSA. When the university continued to refuse to pay overtime compensation to its residence hall counselors, the employees brought this action.
The case was tried before a jury in the Circuit Court of Madison County in May 1990. Prior to trial, two original plaintiffiem-ployees withdrew from the lawsuit and an additional residence hall counselor moved to intervene in the suit without opposition from Aabama A & M. Thus, a total of eight employees remained in the case through trial. At the conclusion of the employees’ casein-chief and at the close of all evidence, the university presented motions for a directed verdict on the ground that the evidence pre *1360 sented showed as a matter of law that the employees were administrative employees. The trial court, however, denied these motions, and the case was ultimately submitted to the jury on the following three interrogatories:
(1) “Are the plaintiffs exempt employees who qualify for exemption as administrative employees?”
(2) “Did the defendant, Alabama A & M University, commit a willful violation of the Fair Labor Standards Act in failing to pay overtime wages to the plaintiffs?”
(3) “Did the plaintiffs and the university agree that the plaintiffs’ salaries would compensate them for 40 hours per week, or did they agree that the salaries would compensate them for all hours worked?”
On May 18, 1990, the jury returned a verdict for the employees and against Alabama A & M on all three questions, answering the interrogatories “No,” ‘Tes,” and “40 hours per week,” respectively. The university then filed a motion for new trial on the grounds that the jury’s verdicts on interrogatories (2) and (3) were against the weight of the evidence. The trial court denied the motion.
After the jury trial the employees filed a motion for the award of liquidated damages under the Portal-to-Portal Act, 29 U.S.C. § 260 (1988), as well as a motion for an award of attorneys’ fees under 29 U.S.C. § 216(b). Following ore tenus proceedings held before the trial court in July 1990, the court granted the motion for the imposition of liquidated damages and awarded attorneys’ fees to counsel for the employees. The total judgment for the employees, including awards of unpaid compensation and liquidated damages, was $239,871.60. The award of attorneys’ fees totalled $185,998.25.
Alabama A & M appeals the denial of its motions for directed verdict and, alternatively, for a new trial. While the university raises several issues on appeal, we find the dispositive issues in this matter to be (1) whether the trial court improperly instructed the jury in a supplemental charge on the definitions of “willfulness” and “reckless disregard” so as to constitute reversible error and (2) whether the university properly objected to the supplemental instructions so as to preserve the issue for appeal.
A showing that an employer “willfully” violated the FLSA will extend the statute of limitations and period of possible recovery for a plaintiff from two to three years. Portal-to-Portal Act, 29 U.S.C. § 255(a) (1988). In the present ease, the jury’s finding of “willfulness” on the part of the university extended the period of the employees’ recovery back to April 15,1986, the date on which the FLSA first became applicable to state universities. Moreover, the jury’s finding of “willfulness” laid the predicate for the trial court’s additional award of liquidated damages, a money amount equal to the employees’ unpaid overtime compensation.
In McLaughlin v. Richland Shoe Co., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), the United States Supreme Court was presented with the question of the meaning of the word “willful” as it is used in 29 U.S.C. § 255(a), the statute of limitations applicable to the FLSA. Solving a conflict among the circuits concerning the word’s meaning, the Court expressly adopted as the standard for willfulness in cases tried under the FLSA the same standard it had previously approved in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), where the Court construed language in the Age Discrimination in Employment Act of 1967: an employer’s conduct is “willful” if the employer “either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.” Richland Shoe, 486 U.S. at 133, 108 S.Ct. at 1681 (emphasis added).
In the present action the trial court’s initial instructions to the jury on the issue of willful violation of the FLSA were essentially a lengthy reiteration of the Supreme Court’s Richland Shoe/Thurston standard and included the following language:
“Unless you are reasonably satisfied from the evidence that the defendant university in failing to pay these plaintiffs overtime knew it was violating the statute, or that the defendant university in failing to pay these plaintiffs overtime showed reckless disregard for the matter of whether its *1361 failure to pay them overtime was a violation of the statute, then you cannot find that any violation which may have occurred was willful.
[[Image here]]
“... [I]f you are reasonably satisfied from the evidence that the plaintiffs were non-exempt employees, and that Alabama A & M either knew or showed reckless disregard to the matter of whether its conduct was prohibited by the Fair Labor Standards Act as to the plaintiffs, you would then find Alabama A & M guilty of willful violation of the Fair Labor Standards Act.”
(Emphasis added.)
After several hours of deliberation, the jury requested additional instructions from the court on the meaning of the terms “willful” and “reckless disregard” as they appeared in the court’s instructions. The trial judge then met in chambers with counsel for the parties to disclose the jury’s questions and to solicit ideas for supplemental instructions. Following this unrecorded discussion as to what the content of the supplemental instructions should be, the jury reconvened, and the trial court read a supplemental charge that included the following explanation of “reckless disregard”:
“With respect to the term ‘reckless disregard,’ the reckless disregard standard requires an employer to make a reasonable effort to determine whether the plan it is following would constitute a violation of the law.”
(Emphasis added.) The trial court then went on to restate substantially the same Rich-land Shoe/Thurston standard for “willfulness” it had provided in its initial instructions.
Alabama A & M alleges that the trial court’s supplemental instruction to the jury that the university was required “to make a reasonable effort” to determine its compliance with the law was legally incorrect and unquestionably prejudicial in that it allowed the jury to invoke too lenient of a standard in finding willful conduct. In support of its contention, the university cites the standard set forth by the Supreme Court in Richland Shoe and Thurston. For their part, the employees contend that the supplemental instructions were consistent with the standard for willfulness established in these cases.
In reaching its holding in Richland Shoe, the Supreme Court considered and specifically rejected two alternative standards for “willfulness,” one which would have deemed an FLSA violation to be willful if “the employer knew or suspected that his actions might violate the FLSA,” see Coleman v. Jiffy June Farms, Inc., 458 F.2d 1139, 1142 (5th Cir.1971), cert. denied, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972), and another, espoused by the Secretary of Labor, which would have deemed an FLSA violation to be willful “if the employer, recognizing it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute.” See Rich-land Shoe, 486 U.S. at 134, 108 S.Ct. at 1682. In rejecting the Secretary’s proposed standard, the Court reasoned that such a standard would improperly “permit a finding of willfulness to be based on nothing more than negligence, or, perhaps, on a completely good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects.” Id. at 135,108 S.Ct. at 1682. The Court further noted that “[t]he word ‘willful’ is widely used in the laws, and although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent.” Id. at 133, 108 S.Ct. at 1681.
In an explanatory footnote in Richland Shoe, the Court recognized that there was some language in Thurston that might seem to permit a finding of “unreasonableness” to suffice as proof of an employer’s “knowing or reckless disregard.” (See Richland Shoe, 486 U.S. at 135, footnote 13, 108 S.Ct. at 1682, footnote 13.) Importantly, however, the Court goes on to say the following:
“Our decision today should clarify this point: If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either [the Secretary of Labor’s] test or under the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, al *1362 though its action would be considered willful under [the Secretary of Labor’s] test, it should not be so considered under Thur-ston or the identical standard we approve today.”
Id. (Emphasis added.)
Thus, the Supreme Court has clearly held that there is a difference between conduct adjudged to be “unreasonable” and conduct evidencing “reckless disregard” and that merely unreasonable conduct by an employer in determining its legal obligations under the FLSA is not sufficient proof of willfulness.
The question for us becomes whether the trial court’s supplemental jury instructions regarding the meaning of “reckless disregard,” which stated that Alabama A & M was required “to make a reasonable effort to determine whether the plan it is following would constitute a violation of the law,” were erroneous insofar as they are contrary to the standard set forth in Richland Shoe.
We find that the trial court correctly stated the Richland Shoe standard for willfulness in its original instructions on the issue and in instructions that followed the disputed supplemental charge. However, we also find that in the supplemental charge, the court provided an explanation for “reckless disregard” that would clearly permit a jury to make a finding of “willfulness” based on merely “unreasonable” or negligent conduct by the employer. The imposition of a duty upon Alabama A & M to “make a reasonable effort” to determine whether it was violating the requirements of the FLSA is contrary to the standard established in Richland Shoe.
It is well established that parties are entitled to have proper instructions given to the jury regarding the issues presented in the case. Liberty National Life Ins. Co. v. Smith, 356 So.2d 646 (Ala.1978). When examining jury charges asserted to be erroneous, this court looks to the entirety of the trial court’s charge to determine if there is reversible error. Mahoney v. Forsman, 437 So.2d 1030 (Ala.1983); Underwriters National Assurance Co. v. Posey, 333 So.2d 815 (Ala.1976).
We cannot say that the trial court’s earlier and subsequent instructions using the proper Richland Shoe standard were sufficient to make the jury charge, as a whole, a correct statement of the law. The improper supplemental instructions pertained to an essential part of the legal meaning of “willfulness”: What is meant by “reckless disregard”? Because the court’s instructions, when considered in their entirety, would allow the jury to invoke a “reasonableness” standard in finding willful conduct on the part of Alabama A & M, we find that the jury charge was legally incorrect.
We further find that the jury charge was prejudicial to the university. Pursuant to 29 U.S.C. § 255(a), the effect of the jury’s finding of “willfulness” extended the period of the employees’ recovery by several months and laid the predicate for the trial court’s award of liquidated damages, as the court reasoned that it could not logically find the university had committed a willful violation of the statute while meeting the “good faith” standard for liquidated damages under 29 U.S.C. § 260. Highlighting the importance of the supplemental jury instructions is the fact that they were given in response to a specific request ixom the jury for clarification of the legal meaning of terms found in the initial instructions. Thus, there was little likelihood that the prejudicial effect of the improper instructions could be corrected by the proper remainder of the charge. While expressing no view as to whether Alabama A & M’s conduct amounted to willful violation of the FLSA, we cannot say that evidence of the university’s knowing violation of the statute was so overwhelming as to make immaterial the jury’s understanding of the term “reckless disregard” as it was defined in the supplemental instructions.
The employees argue that even if the supplemental instructions were erroneous, the university waived its right to object to the instructions by its conduct at trial and cannot now complain that the court improperly instructed the jury.
An examination of the record reveals that when the trial court inquired as to whether there were any exceptions after it gave the disputed supplemental charge to the jury, *1363 Mr. Bradley Norton, an attorney for Alabama A & M, stated the following objection:
“We would except to that instruction insofar as it required Alabama A & M to reasonably inquire into that status, I think that the language — the Richland Shoe case states that an employer can act unreasonably but not recklessly, and I think for that reason that that charge is confusing and legally incorrect.”
Following Mr. Norton’s objection, Mr. John Wilmer, counsel for the employees, stated for the record that he felt that the parties had reached an agreement as to the content of the supplemental instructions in the discussion in the judge’s chamber. Mr. Norton and the university, however, insist that there was no such agreement and that Mr. Norton had expressed his reservations to the court about this part of the charge during discussion in chambers. The university further contends that the supplemental charge given by the court was one requested by counsel for the employees. This, however, is disputed by counsel for the employees. With regard to the purported agreement on supplemental instructions, the trial judge provided the following version of what he remembered having taken place during discussion in chambers:
‘Well, I think my recollection of what occurred in chambers was that we discussed whether to use a reckless disregard from the criminal code that I was inclined to do, we talked about whether to use Black’s Law Dictionary or the standard dictionary that talks about carelessness or heedlessness. We looked at the Richland Shoe case, and I think that Mr. [Macbeth] Wagnon [lead counsel for Alabama A & M] was in agreement that we read the sentence that the reckless disregard standard requires an employer to make a reasonable effort to determine whether the plan it is following would constitute a violation of the law as a definition of the reckless standard definition, and that Mr. Norton felt like that was not — did not comport with the Richland Shoe ease. I took it that Mr. Wagnon was lead counsel and that there was an agreement, but in any event, if this becomes an important matter on appeal, someone can determine that.”
The matter must now be determined on appeal. The employees argue that because Mr. Wagnon was lead counsel for the university, the trial court was correct in relying upon him to bind the university with any agreement regarding instructions to the jury. In support of their argument, the employees cite case law standing for the proposition that when a party agrees to jury instructions, it effectively waives the right to object later on the ground that the instructions were legally incorrect or misleading. See Atkins Ford Sales, Inc. v. Royster, 560 So.2d 197 (Ala.1990); Liberty National Life Ins. Co. v. Beasley, 466 So.2d 935 (Ala.1985).
We find, however, that the university did not waive its objection to the court’s supplemental jury instructions. The cases cited by the employees in support of their position involve circumstances where the appellants challenged on appeal jury instructions that the appellants themselves had submitted. In the present case the university did not submit the supplemental instructions to the court. Further, while the trial court indicated that it felt Mr. Wagnon had agreed to the instructions, it also noted that it understood that Mr. Norton had expressed reservations as to their correctness. The question of a true “agreement” among the parties and the court is problematic, as the court was on notice that at least one attorney for the university considered the instructions improper. In these circumstances the trial court was left to make a decision, which was later objected to. Importantly, while Mr. Norton was not the university’s lead counsel, the record shows that he was the attorney who stated all of the university’s objections to the court’s other jury instructions and that the court had recognized him when he did so.
In the absence of a showing that the university clearly acceded to the content of the supplemental instructions given by the court, and in view of Mr. Norton’s timely objection complying in all respects with the requirements of Rule 51, Alabama Rules of Civil Procedure, we find that the university did not waive its objection to the supplemental *1364 instructions and that it properly preserved the issue for consideration on appeal.
Because we find that the trial court’s supplemental instructions prevented the jury from rendering a verdict in accordance with the law, we must reverse the decision of the trial court and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.