* This case is now pending on certiorari review in the Supreme Court of Alabama, docket no. 1931336.
 On Remand from the Supreme Court
The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. Ex parte King,643 So.2d 1364 (Ala. 1993).
The facts in this case are sufficiently presented in our original opinion, Alabama Agricultural Mechanical Universityv. King, 643 So.2d 1358 (Ala.Civ.App. 1991), and we provide here only a brief background.
In November 1988, nine present and former employees of Alabama Agricultural and Mechanical University (A M) sued A M, claiming that they were entitled to overtime compensation for all time worked over 40 hours per week during the period April 15, 1986, through November 8, 1988. The employees worked for A M as residence hall counselors in on-campus female dormitories. The parties have stipulated that each of the employees worked a total of 60 hours during every workweek relevant to this action and that they never received overtime pay from the university.
The Fair Labor Standards Act (FLSA) generally requires the payment of a minimum wage and overtime compensation for hours worked in excess of a 40-hour workweek. 29 U.S.C. § 207. However, an employee working in an executive, administrative, or professional capacity is exempt from the requirement of overtime pay. Under the FLSA, 29 U.S.C. § 213(a)(1), the United States Secretary of Labor is given authority to promulgate regulations describing the administrative exemption from overtime compensation requirements. The federal regulation for determining the applicability of administrative exemption under this case is found at 29 C.F.R. § 541.2(e)(2) (1983).
This case was tried before a jury in the Circuit Court of Madison County, Alabama, in May 1990. At the conclusion of the employees' case-in-chief and at the close of all the evidence, A M moved for a directed verdict on the grounds that the evidence presented showed as a matter of law that the employees were administrative employees. The trial court denied those motions, and the case was submitted to the jury on three interrogatories. The jury returned a verdict for the employees and against A M, after which A M moved for a new trial on the grounds that the jury's verdict on the interrogatories was against the weight of the evidence. A M appeals the denial of its motions for directed verdicts, and, alternatively, the denial of its motion for a new trial. In accordance with the instructions of the Supreme Court, we affirm the judgment of the trial court as to the issue regarding the trial court's supplemental instruction concerning the question of a willful violation of the FLSA, and we now address A M's remaining issues raised in its initial appeal to this court.
Those issues for our review include: 1) whether the plaintiffs are exempt employees under the administrative exemption to the FLSA, as a matter of law; 2) whether the trial court erred in giving a jury instruction requested by two of the employees; 3) whether the trial court erred in sustaining an objection by the employees concerning an unresolved wage and hour issue; 4) whether the trial court erred in failing to grant A M's motion for a new trial; 5) whether the trial court erred by giving the employees' requested jury instruction regarding the fluctuating work-week plan; and 6) whether the trial court applied an excessive hourly rate in calculating the employees' attorney fees.
We first determine whether the employees are exempt under the FLSA from receiving overtime compensation. A M contends that the evidence at trial established that the employees were exempt administrative employees as a matter of law and that the trial court erred in failing to grant A M's motion for directed verdict.
The applicable regulation, 29 C.F.R. § 541.2(e)(2) (1983), provides that an employee making at least $250 per week comes under the administrative exemption if (1) her "primary duties" consist of performing work "directly related to management policies or general business operations" of her employer, and (2) these tasks "include work requiring *Page 1369 
the exercise of discretion and independent judgment." From our review of the record and pertinent law, we are convinced that dormitory counselors must be classified as nonexempt. Duties of the dormitory counselors are nonexempt in nature: inspecting the building for repairs; checking to ensure that the students' rooms are clean; securing the building after the dormitory closes; and sending work orders to the maintenance department, etc. The evidence presented did not meet the requirements provided in the regulations for finding an exemption under § 541.2(e)(2).
A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Zaharavich v. Clingerman, 529 So.2d 978
(Ala. 1988). The employees presented sufficient evidence to defeat a motion for directed verdict and to take the case to the jury.
Next, A M contends that the trial judge improperly instructed the jury in a requested charge on the definition of "primary duty" and that the error requires a reversal.
One element of administrative exemption requires that the employee's primary duty consist of performing work that is directly related to the management policies or the general business operations of the employer. In the present case, the trial court's instruction to the jury on primary duty consisted of a definition of "primary duty" taken from the regulations regarding executive exemption. A M argued that the instruction was prejudicial because it was based on29 C.F.R. § 541.103 (1983) and, A M says, pertained only to the executive exemption to the FLSA. However, the employees point out that the administrative regulations incorporate by reference the definition of "primary duty" from the regulations regarding executive exemption. Section 541.206 reads in pertinent part:
 "(b) In determining whether an employee's exempt work meets the 'primary duty' requirement, the principles explained in § 541.103 in the discussion of 'primary duty' under the definition of 'executive' are applicable."
Given this provision, we find no error in the trial judge's instruction.
We also note that A M did object to the instruction, stating that the charge was confusing because the executive exemption is not involved in the case at bar. However, if A 
M considered the charge to be "confusing," the remedy was to request explanatory or additional charges. Powell v. Goforth,279 Ala. 601, 188 So.2d 766 (1966). A M did not request such charges.
Next, A M contends that the trial court erred in excluding testimony from the jury on the grounds of hearsay. The trial court refused to allow Dr. Carl Marbury, president of A M, to answer the following question: "Did Dr. Joe Reed ever mention to you that he had written a letter to Dr. Covington [former President of Alabama A M] or that he had an open issue concerning an employee, residence counselor at your university concerning overtime?" A M argues that that question did not call for hearsay evidence.
Rulings as to the admissibility of evidence rest largely within the discretion of the trial court. Dorcal, Inc. v. XeroxCorp., 398 So.2d 665 (Ala. 1981). We conclude that there was no abuse of discretion by the trial court's determination that the question could elicit hearsay testimony as to the content of a conversation or letter; the question was properly excluded. C. Gamble, McElroy's Alabama Evidence (4th ed. 1991) § 242.01.
A M next contends that the trial court erred in denying its motion for a new trial regarding the jury's finding that the employees' salaries compensated them for working 40 hours per week. The jury answered "40 hours per week" to the following interrogatory:
 "Did the plaintiffs and the university agree that the plaintiffs' salaries would compensate them for 40 hours per week, or did they agree that the salaries would compensate them for all hours worked?"
A M contends that the jury's finding that the employees' salaries were based on a *Page 1370 
40-hour workweek is against the great weight and preponderance of the evidence, arguing that the evidence revealed that the employees understood that they were to be compensated at a set salary and understood that A M's intent was to pay the employees a fixed salary, regardless of the number of hours worked per week.
We note our stringent standard of review in this case. Jury verdicts are presumed to be correct. This presumption of correctness is further strengthened by the trial court's denial of a motion for new trial. Chapman v. Canoles, 360 So.2d 319
(Ala. 1978). The appellate court must consider those tendencies of the evidence most favorable to the prevailing party and must indulge such inferences as the jury was free to draw. Cooper v.Peturis, 384 So.2d 1087 (Ala. 1980). Therefore, a judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Osborne v. Cobb, 410 So.2d 396 (Ala. 1982).
There was evidence to support the jury's finding that the employees' salaries were intended to compensate them for 40 hours of work per week. For example: the 1983-1984 Handbook forResidence Hall Counselors provides that counselors are to work 40 hours per week; an employee testified that she was told by a supervisor that her workweek would be 40 hours; and A M's personnel director testified that pay for all employees at the college is based on a 40-hour workweek.
The jury considered the ample evidence in response to a special interrogatory, that the salary paid the employees was intended to compensate them for 40 hours per week. Accordingly, we conclude that the trial court properly denied A M's motion for a new trial.
Next, A M contends that the jury instructions given by the trial court on the "fluctuating workweek plan" were improper and confusing. The trial court read to the jury from the Code of Federal Regulations regarding that issue. A M made the following objection regarding the requested charge: "We except to that because we think that regulation is referring to aBelo contract which was never . . . The defendant has never contended that there was a Belo contract in this case, and we feel it's confusing to the jury to instruct on that."
If a jury charge is a correct statement of law, as applied to the facts of the case in question, but is nevertheless somehow misleading or confusing, the remedy for the party opposing the instruction is an explanatory charge. Brigadier Homes, Inc. v.Thompson, 551 So.2d 1031 (Ala. 1989). The trial court read verbatim from 29 C.F.R. § 778.114, entitled "Fixed salary for fluctuating hours." Because that section applies to the facts of this case, and because the instruction as requested by the employees was a correct statement of the law, we hold that A 
M's remedy, if it believed that the instruction confused the jury, was to request a clarifying instruction. Thompson, supra.
A M did not request a clarifying instruction; therefore, we see no reversible error.
A M next contends that the trial court erred in calculating the employees' attorney fees. The trial court heard ore tenus evidence and resolved the questions of fact in favor of the employees' attorneys regarding the hourly rates to be awarded. A M offered no testimony to contradict the hourly rate testimony offered by the employees. We see no error in the court's awards:
Accordingly, based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.