[No. 2497.   July 1, 1921.]

## STATE v. CRUMBLEY et al.

### SYLLABUS BY THE COURT.

1.  Diagram or sketch made by witness to illustrate his testimony was properly admitted in evidence, although not accurate in some particulars.               P. 226

2.  A printed map, showing sections, townships, and ranges, was properly admitted in evidence, where the sole purpose of the same was to show the distance from one established point to another established point.        P. 227

3.  Witness who had been in butchering business for many years **held** competent to testify as to color and breed of hogs, after same had been dressed.                P. 227

4.  Objection to question tending to show ill feeling between a witness for the state and witness for the appellant was properly sustained, where the court was not informed by counsel for appellant that the purpose was to show ill feeling between the witness for the state and the appellant.     P. 227

Appeal from District Court, Grant County; Ryan, Judge.

Delia Crumbley and another were convicted of larceny, and defendant named appeals.   Affirmed.

G. Volney Howard and Harry C. Miller, both of El Paso, Tex., for appellant.

H. S. Bowman, Attorney General, and A. M. Edwards, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

MECHEM, District Judge.   Appellant, together with Samuel C. Pruitt and Terrell Hightower, was tried for the larceny of 19 head of swine.   Pruitt was acquitted, and the appellant and Terrell Hightower were convicted, and Hightower did not appeal.

[1]   Counsel for appellant urges that it was error to permit the introduction in evidence of a plat drawn by the witness Homer Reece; the objection being that the plat was not first shown to be an accurate map or plat, and that the witness admitted that it was not accurate.   The plat was a rough sketch made by the witness in the presence of the

jury while testifying, and was made for the purpose of illustrating his testimony, and the admission of the same in evidence was not error.   Territory v. Price, 14 N. M. 262, 91 Pac. 733.

[2]   Counsel for appellant next urges that it was error to admit in testimony a printed map, purporting to have been issued by the Forest Department, on the ground that it was not shown to be accurate. This map had on it the ranges, townships, and sections, and it was introduced solely for the purpose of showing the distance from the place of Homer Reece, the owner of the hogs, and the place of the appellant.   The appellant having previously testified as to the numbers of the section, township, and range where he lived, and the witness Homer Reece having testified as to the number of the section, township, and range where he lived, the distance was therefore a mere matter of computation.   For this purpose the map was properly admitted.

[3]   Counsel for appellant urges that it was error to permit the witness Frank Brakefield to testify as to the color and breed of the hogs sold to him by one of the defendants, Pruitt; the witness never having seen the hogs until after the same had been scraped and dressed.   It is urged that the witness was not qualified as an expert.   The witness testified that he had had a great deal of experience in butchering and cleaning hogs, and that at the time he saw the hogs in question he was able to determine the color and breed.   In our opinion the witness was shown to be qualified.

[4]   The last ground urged by the counsel for appellant is that it was error for the court to sustain an objection to a question, propounded to appellant's mother, as to whether or not she had had trouble with Pat Akins, a witness for the state, about the hogs.   Counsel contends that he could have shown that there was ill feeling between the witness Pat Akins and the Crumbleys.   There was nothing in the

question which apprised the court of this purpose, and it was the duty of counsel to have stated to the court what he expected to prove. He did not do this, but contented himself with saving an exception to the ruling of the court, and he cannot complain.

Finding no error in the record, the judgment will be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.