494 P.2d 1400

**B. R. CANTRELL and June Cantrell, Plaintiffs-Appellants,**

v.

**John D. DENDAHL et al., Defendants-Appellees.**

**No. 765.**

Court of Appeals of New Mexico.

Feb. 25, 1972.

Bob Barberousse, Catron, Catron & Donnelly, Santa Fe, for plaintiffs-appellants.

Sumner G. Buell, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

While her attention was diverted by a display case on the side of a walkway, Mrs. Cantrell fell off of a single step in the walkway. Joined by her husband, she sued for the resulting injuries. Named as defendants were the owners of property where the step was located (the Dendahl defendants) and Burro Alley (Burro Alley Plaza, Inc.), the owner of the property

which joins the Dendahl property. The jury returned a verdict in favor of the Dendahls. Burro Alley was dismissed as a defendant at the close of plaintiffs' case. Plaintiffs' appeal contends: (1) the trial court erred in refusing to permit an amendment to the complaint; (2) two rulings excluding evidence were error; and (3) the dismissal of Burro Alley was erroneous because Burro Alley was a joint tort-feasor.

The walkway extends from San Francisco Street in Santa Fe northward along the western side of the Dendahl store and the eastern side of the Palace Restaurant to Palace Street. There was a single downward step on this route. The vertical rise of the step was 4½ inches. Near the step was a display case which the Dendahls had rented to a customer. Mrs. Cantrell was looking at this display case immediately before her fall.

*Refusal to permit the complaint to be amended.*

The complaint was filed July 22, 1969. All answers were filed by August 8, 1969. On January 26, 1971 notice was given of settings for a pre-trial conference and for trial. The pre-trial conference was held March 29, 1971. On April 1, 1971 plaintiffs filed a motion which asked for permission to file an amended complaint and add exhibits to the pre-trial order.

The proposed amendment to the complaint alleged the step where Mrs. Cantrell fell was constructed in violation of a Santa Fe City Ordinance which adopted a portion of the State building code. The proposed exhibits were the ordinance and the code. The motion states that plaintiffs learned of the alleged ordinance violation subsequent to the pre-trial conference.

The record reflects that plaintiffs, by letter, called the motion to the attention of the trial court and there had been some discussion of the motion prior to trial. However, no hearing was held on the motion prior to trial and the motion had not been ruled on when the trial began.

Trial before a jury began on April 12, 1971. Five witnesses testified on the first day of trial. On the second trial day, after the testimony of the sixth witness had been concluded (plaintiffs called a total of seven witnesses for the entire trial), plaintiffs stated: "There is a matter pending before the Court with respect to our amended complaint. * * *" Defendants objected to the proposed amendment on the basis that it asserted a new theory of negligence which they were not prepared to defend against. The trial court pointed out that the proposed amendment, if granted, would upset various limitations imposed by the pre-trial order (exhibits, witnesses, etc.) and that the court would feel compelled to grant a continuance to defendants if the amendment was allowed. The trial court then denied the motion to amend.

In claiming the trial court's ruling was error, plaintiffs emphasize remarks of the trial court to the effect that the section of the building code adopted by the ordinance was not applicable to the factual situation in this case. They rely on Vernon Company v. Reed, 78 N.M. 554, 434 P.2d 376 (1967) where the trial court had refused to permit the complaint to be amended. This ruling was reversed because " * * * the denial rested upon an erroneous construction of applicable law." Plaintiffs contend that is the situation in this case. To answer this contention we would have to determine the meaning of the ordinance and the section of the building code relied on as a matter of law. It is unnecessary to do so in this case.

▇ The trial court did not disallow the amendment solely because of its view as to the applicability of the ordinance and building code. After pointing out that the case would have to be continued if the amendment was permitted, it stated: " * * * That is undesirable and I don't believe that the discretion of the Court should be exercised to that extent. * *" If the trial court stated a reason upon which it could properly disallow the amendment, its ruling is not to be reversed be-

cause it stated another allegedly erroneous reason. Beall v. Reidy, 80 N.M. 444, 457 P.2d 376 (1969).

Vernon Company v. Reed, supra, states: " * * * Amendments of pleadings should be permitted with liberality in the furtherance of justice, but such applications are addressed to the sound discretion of the court and its action in denying permission to amend is subject to review only for a clear abuse of discretion. * * * "

■ Although plaintiffs moved to amend, according to their motion, as soon as the ordinance and building code came to their attention, they did not invoke a ruling on their motion prior to trial. Instead, they proceeded to trial and only one of plaintiffs' witnesses remained to testify before a ruling was invoked. In these circumstances we cannot say there was an abuse of discretion in denying the amendment at that stage of the trial. In re Stern's Will, 61 N.M. 446, 301 P.2d 1094 (1956); compare Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Atol v. Schifani, 83 N.M. 316, 491 P.2d 533 (Ct.App.1971) is not to the contrary. In Atol the court proceeded to trial over objection of counsel that a motion to amend was pending. Here, plaintiffs proceeded to trial without complaining of the pendency of their motion to amend. In Atol the trial court erred in not ruling on a motion to amend which had been called to its attention. Here, when the motion to amend was brought to the attention of the trial court, it ruled on the motion.

■■ The proposed additional exhibits to the pre-trial order were the ordinance and the building code. Their materiality depends on the proposed amendment, which the trial court, in its discretion, properly disallowed. Thus, there was no error in not permitting the addition of these exhibits. Further, the allowance of additions to pre-trial orders is discretionary with the trial court. Monod v. Futura, Inc., 415 F.2d 1170 (10th Cir. 1969); Washington Hospi-

tal Center v. Cheeks, 129 U.S.App.D.C. 339, 394 F.2d 964 (1968).

*Exclusion of evidence.*

Two rulings, excluding evidence, are attacked.

■ (a) An engineer, testifying as an expert witness for plaintiffs, was asked to state his opinion as to whether the step was safe or unsafe. Defendants' objection to the question was sustained. " * * * The admission or exclusion of expert testimony is peculiarly within the discretion of the court and its decision will not be reviewed unless the exercise of that discretion has been abused. * * * " State Farm Fire and Casualty Company v. Miller Metal Company, (Ct.App.), 83 N.M. 516, 494 P. 2d 178, decided December 10, 1971, and cases therein cited. See Tome Land & Improvement Co., Inc. v. Silva, 83 N.M. 549, 494 P.2d 962, decided January 21, 1972.

■ Here, the trial court refused to permit expert witnesses on both sides of the case to express an opinion as to whether the step was safe or unsafe. It did, however, permit witnesses on both sides of the case to express opinions as to whether the step was consistent with standard architectural practice. In addition, plaintiff, Mr. Cantrell, who is an architect, was permitted to express his opinion that the step was not consistent with standard architectural practice because it was unsafe. Defendant, Mr. Dendahl, testified, without objection, that he did not consider the step to be dangerous.

In these circumstances we cannot hold, as a matter of law, that the trial court abused its discretion in excluding the engineer's opinion. Rather, if the trial court erred in excluding expert opinions, while admitting the other testimony recited, the error was harmless. State Farm Fire and Casualty Company v. Miller Metal Company, supra.

(b) The engineer had prepared a diagram of the walkway. The top portion of the diagram was a "plan view." The "plan view" was taken from the plans used

in the construction of the walkway. The scale was the same as in the construction plans—⅛ inch to the foot. ". . . [W]e used the same scale so as to not change all of these dimensions on the drawings."

The bottom portion of the diagram was a "profile" of the walkway. The "profile" shows the elevations of the walkway. Although the "drawings work together," the scale on the profile was one inch to two feet. According to the engineer, this "accentuates the difference in elevation."

The engineer testified as to what was shown by both views before the diagram was offered into evidence. There was no objection to the admission of the "plan view." Defendants objected to the "profile" on the basis that the engineer's testimony showed the "profile" was "exaggerated vertically." In argument to the court, plaintiffs agreed that the difference in the scales of the two plans resulted in a distortion and the distortion extended to the part of the "profile" which showed the step where Mrs. Cantrell fell. On the basis ". . . that the distortion may well tend to mislead the Jury . . ." the trial court refused to admit the "profile" portion of the diagram into evidence.

Plaintiffs state: "It was prejudicial to Plaintiffs' case to have the entire drawing before the jury and then, after they were recessed, to return and find one-half of the drawing . . . cut off to leave the impression that Plaintiffs were attempting to mislead them."

■■ We do not agree. The information shown by both the "plan view" and the "profile" had been presented to the jury, without objection, before the drawings were offered into evidence. Thus, the information was before the jury. Only the visual demonstration of the distortion was excluded. Plaintiffs had no "substantial right" to have the jury view the distortion; exclusion of the distortion was not prejudicial. Johnson v. Nickels, 66 N.M. 181, 344 P.2d 697 (1959).

■■ Although diagrams are admissible to illustrate the testimony of a witness, State v. Crumbley, 27 N.M. 226, 199 P. 110 (1921), nevertheless the admission of the exhibit was within the trial court's discretion. State v. Carlton (Ct.App.), 83 N.M. 644, 495 P.2d 1091, decided January 21, 1972. The trial court was of the opinion that the "profile" might mislead the jury. We cannot say, as a matter of law, that this ruling was an abuse of discretion.

*Dismissal of defendant Burro Alley—joint tort-feasor claim.*

Burro Alley was dismissed as a defendant at the close of plaintiffs' case.

■ Plaintiffs assert the dismissal was error because the Dendahl defendants and Burro Alley were joint tort-feasors. The record does not show that such a claim was specifically brought to the trial court's attention. However, we will assume a joint tort-feasor claim was presented to the trial court.

The evidence in support of the claim is: The walkway on the Dendahl property was constructed in 1960. At that time the walkway terminated at the northern end of the Dendahl property where a display case was located. The walkway on the Burro Alley property was constructed in 1961. During, or shortly after, construction of the Burro Alley walkway, the display case was moved to the side and the walkways on the two properties were connected. The step involved in this case was installed in connecting the two walkways. The step is entirely on the Dendahl property, being two to five inches on the Dendahl side of the mutual property line of the defendants.

Connection of the two walkways was a joint decision of the property owners. There is no evidence that the property owners ever discussed the step. The discussion went to connecting the walkways; the details of the connection were left to the architect and contractor. Burro Alley did know, however, that the step had been installed.

"Dendahl paid for having the display case moved; Dendahl caused the step to be painted and " . . . always assumed the responsibility for the maintenance of that step. . . . "

We do not attempt a definition of joint tort-feasors. See generally 23 Words and Phrases, "Joint Tort-Feasors." Instead, we proceed on the basis of plaintiffs' contention that for parties to be joint tort-feasors there must be a "concert of action" or "joint work." See Alexander v. Hammarberg, 103 Cal.App.2d 872, 230 P.2d 399 (1951); Harper-Turner Oil Company v. Bridge, 311 P.2d 947 (Okl.1957).

Here, the only evidence implicating Burro Alley is that it agreed to connecting the walkways and knew the step had been installed. The remaining evidence is directed to the Dendahls—they paid for moving the display case, the step is on their property, they caused the step to be painted and maintained it. Specifically, the evidence is insufficient to show that Burro Alley was part of any concerned action or joint work in connection with the step.

Plaintiffs rely on cases concerning liability of municipalities and abutting property owners for dangerous conditions of a sidewalk. These cases are inapplicable because in this case plaintiffs failed to come forward with evidence or inference that Burro Alley had anything to do with the step on the Dendahl property. The claim that Burro Alley was a joint tort-feasor is without merit.

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.