647 P.2d 880

**Bruce HARRISON, Rosemary A. Harrison, State Farm Mutual Automobile Insurance Company, and Blue Cross and Blue Shield, Inc., Plaintiffs-Appellants,**

v.

**ICX, ILLINOIS–CALIFORNIA EXPRESS, INC., Leonard E. Hunt, and Transport Indemnity Insurance Company, Defendants-Appellees.**

No. 5343.

Court of Appeals of New Mexico.

May 11, 1982.

Certiorari Denied June 17, 1982.

Winston Roberts-Hohl, Santa Fe, for plaintiffs-appellants.

Carl J. Butkus, Civerolo, Hansen & Wolf, P. A., Albuquerque, for defendants-appellees.

## OPINION

LOPEZ, Judge.

The plaintiffs appeal the jury verdict in favor of the defendants and the denial of their motion for a new trial in a personal injury case. We affirm.

The plaintiffs raise two issues on appeal: 1) that the trial court erred in admitting expert testimony on accident reconstruction; and 2) that the trial court abused its discretion by refusing to grant the plaintiffs a new trial, because the verdict was contrary to the evidence, and because the jurors were confused.

The defendants challenge the jurisdiction of this court to determine the second issue on the ground that the order denying the motion for a new trial was entered after notice of appeal. The defendants rely on *Selgado v. Commercial Warehouse Company*, 88 N.M. 579, 544 P.2d 719 (Ct.App.1975), for the proposition that, by filing a notice of appeal, the plaintiffs waived their motion for a new trial. In *Selgado*, the defendants filed a motion for a new trial or, alternatively, for a remittitur. The defendants then filed notice of appeal before the trial court had disposed of their motion. This court held that

> By serving the notice of appeal, the defendants abandoned the motion by depriving the trial court of jurisdiction. This amounts to an election to waive the motion and proceed with the appeal as though the motion had not been made. (citations omitted).

In this case, the plaintiffs filed their motion for a new trial on July 8, 1981, and the court orally denied the motion on July 20, 1981. The plaintiffs then filed their appeal from the judgment and from the court's denial of their motion on August 3, 1981. The order denying the new trial was filed on August 31, 1981.

■ We agree with the defendants that we lack jurisdiction to review plaintiffs' appeal from the courts "denial of their motion for a new trial". There is no final written appealable order on their motion for a new trial. See N.M.R.Civ.App. 3(a), N.M.S.A.1978. In *Bouldin v. Bruce M. Bernard, Inc.*, 78 N.M. 188, 429 P.2d 647 (1967), the Supreme Court held: *"appeals will lie only from a formal written order or judgment signed by the judge and filed in the case, or entered upon the records of the court and signed by the judge thereof."* Moreover, ordinarily an order denying a new trial is not appealable. *Public Service Co. of N. M. v. First Jud. Dist. Ct.*, 65 N.M. 185, 334 P.2d 713 (1959).

We will, however, review plaintiffs' appeal challenging the judgment based on the jury verdict.

## EXPERT OPINION EVIDENCE

The plaintiffs claim that the trial judge erred in allowing the testimony of Mr. Miller, an accident reconstruction expert called by defendants. The plaintiffs did not object to Mr. Miller's qualifications to testify as an expert. Mr. Miller based his opinion on review of the accident report by Officer Waters, an interview with Officer Waters, the trial testimony, information received from the defendants' attorney, photographs of the scene of the accident, measurements made at the scene of the accident, and a reenactment of the accident by Mr. Hunt, driver of the truck.

Mr. Miller gave his opinion that 1) the truck had to have backed from 14 to 19 feet before hitting the Harrison's automobile; 2) it had to have taken Mr. Hunt from 3 to 10.42 seconds to back that truck that distance; 3) the automobile would have suffered more damage if the truck had been backing at the faster speeds; 4) if Mr. Harrison was driving at 15 miles per hour, he had from 66 to 220 feet from the point of impact to observe the truck backing up; and 5) if Mr. Harrison was driving it would have taken him, at 15 miles per hour, from 28 to 35 feet to stop his car after observing the moving truck.

The plaintiffs objected to the lack of foundation by Mr. Miller about the building adjoining the alley, and to Mr. Miller's testimony about the amount of damage that would have occurred to the automobile if Mr. Hunt had been backing at a high rate of speed. These objections did not properly preserve the plaintiffs' argument that Mr. Miller based his opinion on the incorrect backing distance of 14 to 19 feet. However, even if objection had been properly tendered, Mr. Miller testified to a sufficient foundation for his opinion.

■ The law in New Mexico is clear that the testimony of an expert is not incompetent and impermissibly speculative as lacking a factual basis where the expert gives a satisfactory explanation as to how he arrived at his opinion. This Mr. Miller did. *See, Gonzales v. General Motors Corporation*, 89 N.M. 474, 553 P.2d 1281 (Ct.App. 1976).

■ An expert witness is not required to state the basis of his opinion on direct examination unless the trial court so directs. N.M.R.Evid. 705.

■ Under N.M.R.Evid. 703 and 705, an expert may state his opinion and give his reasons without prior disclosure of the underlying facts or data, unless the trial judge requires otherwise. If the trial judge does require the expert to first state the basis for his opinion and it appears unsatisfactory or based on unsatisfactory factors it is subject to being stricken. *See, Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (Ct.App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972) (decided prior to New Mexico Rules of Evidence).

■ The facts show that the basis for Mr. Miller's testimony came from the testimony of the plaintiffs, and other witnesses. This being the case, the question of weight to be given Mr. Miller's testimony was one for the jury to determine. Miller's and the other testimony pointed out by plaintiffs simply raised a conflict to be resolved by the jury. Expert testimony concerning tests done at the site of an accident is admissible and competent. *Scott v. McWood Corporation*, 82 N.M. 776, 487 P.2d 478 (1971); *Tobeck v. United Nuclear-Homestake Partners*, 85 N.M. 431, 512 P.2d 1267 (Ct.App.1973). The admission of expert testimony is within the discretion of the trial court. *Cantrell v. Dendahl*, 83 N.M. 583, 494 P.2d 1400 (Ct.App.1972). We conclude that the trial court did not err in allowing the testimony of Miller, because he explained how he arrived at his expert testimony, and because it was based on facts which were before the jury.

## VERDICT CONTRARY TO THE EVIDENCE

Plaintiffs contend that the driver of the defendants' truck, Mr. Hunt, should have been found negligent as a matter of law based on § 66–7–354, N.M.S.A.1978, and jury instruction No. 16, which reads as follows:

There was in force in the state at the time of the occurrence in question a certain statute which provided that:

"The driver of a vehicle shall not back it:

A. Unless the movement can be made with reasonable safety and without interferring with other traffic; * * *"

If you find from the evidence that the defendant Hunt violated this statute, you are instructed that such conduct constituted negligence as a matter of law.

■ Hunt testified that he looked in both mirrors before backing and that he did not see the Ford automobile driven by one of the plaintiffs at the time of the collision. There was conflicting evidence on the circumstances surrounding the accident. The question of whether Mr. Hunt's conduct was reasonable under the circumstances was a matter for the jury to determine. *See, Button v. Metz*, 66 N.M. 485, 349 P.2d 1047 (1960); *Chandler v. Battenfield*, 55 N.M. 361, 233 P.2d 1047 (1951). Based upon the record in this case, the testimony of Mr. Hunt, and on *Button v. Metz* and *Chandler v. Battenfield*, the trial court did not abuse its discretion by refusing to find Hunt negligent as a matter of law. This was a matter of fact for the jury to determine. In addition, the jury was properly instructed as to the law pertaining to Hunt's situation. The plaintiffs concurred and made no objection to instruction No. 16. There was conflicting evidence as to Hunt's negligence, but it was the duty of the jury to resolve the conflicts, to weigh the testimony and credibility of the witnesses and to decide the question of Hunt's negligence. There was evidence to support the jury's decision that Hunt was not negligent.

## CONFUSION OF JURORS

Plaintiffs also argue that the jurors were confused by instruction No. 37 and by the special interrogatories, which read as follows:

### VERDICT OF TEN

Upon retiring to the jury room, and before commencing your deliberations, you will select one of your members as a foreman.

When as many as ten of you have agreed upon an answer to the first two Special Interrogatories, you will record that answer.

When as many as ten of you have agreed upon an answer to interrogatories 3 and 4, you will record that answer.

All twelve jurors will participate in answering Interrogatories 5, 6 & 7 and answers will be recorded on each when 10 or more agree on that particular interrogatory.

The foreman must sign the form and all of you will then return to court.

### SPECIAL INTERROGATORIES

QUESTION # 1: Was the Defendant Hunt negligent:
ANSWER: [Jury answered this question No.]
QUESTION # 2: If your answer to Question # 1 is "yes", was that negligence a proximate cause of Rosemary Harrison's damages?
ANSWER: _____.
QUESTION # 3: If your answer to Question # 2 is "yes", was the Plaintiff Bruce Harrison negligent:
ANSWER: _____.
QUESTION # 4: If your answer to Question # 3 is "yes", was that negligence a proximate cause of the damages?
ANSWER: _____.
QUESTION # 5: If your answer to Question # 4 is "yes", to what extent, expressed in percent from 1 to 100 did Bruce Harrison's negligence proximately cause the damages?
ANSWER: _____.
QUESTION # 6: Without any reduction for any negligence of the Plaintiff Bruce Harrison which contributed to the damages, what amount will fairly and adequately compensate the Plaintiffs, Rosemary Harrison, Blue Cross and Blue Shield, Inc., and State Farm?
ANSWER: _____.
QUESTION # 7: Without any reduction for any negligence of the Plaintiff Bruce Harrison which contributed to the dam-

ages, what amount will fairly and adequately compensate the Plaintiff Bruce Harrison for his damages?
ANSWER: _____.

During deliberation, the jury stated to the court that they had a problem regarding instruction No. 37 and the special interrogatories. The trial court instructed the jury that if ten or more of their members agree on a negative answer to the first special interrogatory, that he would accept that answer as their verdict. The plaintiffs argue that, although the jury answered "no" to the first interrogatory as to Mr. Hunt's negligence, that the jury should also have answered the third interrogatory relating to Mr. Harrison's negligence.

In *Armstrong v. Industrial Electric and Equipment Service*, 97 N.M. 272, 639 P.2d 81 (Ct.App.1982), this court stated that

> Special interrogatories perform an important function in comparative negligence actions, since it is vital for the court to inquire by way of special findings whether the negligence of either party or both was the proximate cause of plaintiff's claimed damages. Special verdicts or jury interrogatories are required in comparative negligence cases by N.M. Supreme Court Order No. 8000, Misc. (March 30, 1981).

In this case, the jury found that Mr. Hunt was not negligent. Once the jury determined that Mr. Hunt's actions were not the proximate cause of the plaintiffs' injuries, then there was no need for the jury to reach the question of Mr. Harrison's negligence. Although it may not have been clear to the jury whether it should answer the third interrogatory, due to the wording in instruction No. 37 and the special interrogatories, it was not confused about its decision that Mr. Hunt was not negligent. That decision was determinative.

The plaintiffs concurred in instruction No. 37 and on the submission of the Special Interrogatories to the jury. They did not object before the instructions were read to the jury and before the jury retired to deliberate. The law in New Mexico is very clear as to the rights and duties of litigants

in a jury case. Objections must be made to instructions prior to the retirement of the jury. The reason for such requirement was discussed by our Supreme Court in *Mitchell v. Allison*, 54 N.M. 56, 213 P.2d 231 (1949), therein the court stated:

Unless the trial court's attention is called in some manner to the fact that it is committing error, and given an opportunity to correct it, cases will not be reversed because of errors which could and would have been corrected in the trial court, if they had been called to its attention. In the hurry of trial work such errors are common, and one who is not satisfied with a ruling of the trial court should call to its attention the fact that it may be committing error, thus giving an opportunity to correct the ruling, if, in the light of the objection or exception, it should conclude that such ruling was error.

If Instruction No. 37 and the Special Interrogatories were not proper, plaintiffs participated in the submission of these matters to the jury, and they cannot now seek to have the verdict set aside by way of a motion for a new trial or on appeal. The law is very clear that a litigant in a jury trial may not participate in the submission of an improper verdict or other improper matters and then seek to have the verdict set aside because it may turn out to be unfavorable. *See Panhandle Irrigation, Inc. v. Bates*, 78 N.M. 706, 437 P.2d 705 (1968); *Scott v. Brown*, 76 N.M. 501, 416 P.2d 516 (1966); *Holloway v. Evans*, 55 N.M. 601, 238 P.2d 457 (1951). Objections must be made prior to the retirement of the jury. *City of Albuquerque v. Ackerman*, 82 N.M. 360, 482 P.2d 63 (1971); *Brown v. Village of Deming*, 56 N.M. 302, 243 P.2d 609 (1952); *Valencia v. Beaman*, 85 N.M. 82, 509 P.2d 274 (Ct.App.1973). We conclude that there is no reversible error based on this point.

For reasons discussed above, the judgment of the trial court is affirmed. Appellate costs are to be paid by the plaintiffs.

IT IS SO ORDERED.

SUTIN and DONNELLY, JJ., concur.