**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO EX REL.**
**HUMAN SERVICES DEPARTMENT,**
**AND DENISE G. CORDOVA,**

    Petitioner-Appellant,

v.                                               **NO.  29,059**

**LORENZO P. HUBBELL,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah D. Walker, District Judge**

Denise G. Cordova
Albuquerque, NM

Pro se Appellant

Lynda M. Latta
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Appellant is appealing, pro se, from separate district court orders involving child support payments. We issued a calendar notice proposing to dismiss because the there has yet to be a final judgment in the district court proceedings.  Appellant has filed a memorandum in opposition, referring us to pleadings, each labeled "docketing

statement," that were filed after the calendar notice. We construe these pleadings collectively as a memorandum in opposition to our calendar notice. We dismiss.

As we stated in the calendar notice, a judgment is not final and appealable unless it practically disposes of the merits of the underlying controversy, leaving only issues collateral to and separate from that underlying controversy to be resolved. *See Kelly Inn No. 102 v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992); Rule 12-201(A) NMRA. Here, Appellant's notices of appeal state that she is appealing from separate district court orders. The first notice of appeal refers to a September 9, 2008, order sealing the record. [RP 289-order is at RP 286] The second notice of appeal refers to a June 17, 2008, stipulated order and a November 7, 2008, order appointing a guardian ad litem. [RP 294] A notice of appeal was filed from that order on December 8, 2008. [RP 305-orders at RP 265, 294] In her original docketing statement, Appellant indicates that she is appealing from the order sealing the record and from a ruling on arrearage. [DS 2] Appellant indicated that her appeal on this latter ruling may be premature because no final order has been entered. [DS 2] Appellant's pleadings filed subsequent to our calendar concede that our calendar notice was correct in proposing to hold that there is no final, appealable judgment in this case. *Cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Because no final judgment has been entered in the underlying proceedings, we

2

hold that none of the referenced orders are subject to appellate review at this time. *See* Rule 12-201(A); *Harrison v. ICX, Illinois-California Express, Inc.*, 98 N.M. 247, 249, 647 P.2d 880, 882 (Ct. App. 1982) (observing that a party may only appeal from a written order), *abrogated on other grounds by Martinez v. Friede,* 2004-NMSC-006, ¶¶ 25-26, 135 N.M. 171, 86 P.3d 596.  Accordingly, we dismiss.

**IT IS SO ORDERED.**

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Chief Judge**

**TIMOTHY L. GARCIA**, **Judge**