This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                  **NO. 29,616**

**FRANK M. MUNIZ,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Frank M. Muniz
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant, pro se, appears to be attempting to appeal from an amended judgment and sentence. Information in the file, provided by the State, indicates that on April 13, 2009, our Supreme Court, in a habeas corpus proceeding, instructed the district court to make some changes to Defendant's judgment and sentence and to make findings required to justify classifying second-degree kidnaping as a serious violent offense. According to Defendant, that amended judgment and sentence was entered May 13, 2009. [DS 1] Our notice proposed to dismiss this appeal. Defendant filed a timely memorandum in opposition, but we continue to believe the analysis in our notice is correct.

We dismiss this appeal for two reasons. First, the record proper does not contain any written amended judgment and sentence entered May 13. A party may only appeal from a written order. *Smith v. Love*, 101 N.M. 355, 356, 683 P.2d 37, 38 (1984) (stating that when there was no signed and filed order, there was nothing more than an oral ruling, and that "[n]o appeal will lie from anything other than an actual written order or judgment signed by the judge and filed with the court"); *Harrison v. ICX, Illinois-California Express, Inc.*, 98 N.M. 247, 249, 647 P.2d 880, 882 (Ct. App. 1982), *abrogated on other grounds by Martinez v. Friede*, 2004-NMSC-006, ¶¶ 25-26, 135 N.M. 171, 86 P.3d 596. Without any indication that the amended judgment

2

and sentence has been filed, and without having that judgment and sentence available to us, there is nothing for us to review. *See id.*; *Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986) (stating that it is the duty of the appellant to provide a record adequate to review the issues on appeal). If and when that amended judgment and sentence is actually filed, then Defendant may appeal. At this point, however, it appears Defendant's appeal is premature.

Second, even if we were to assume that the amended judgment and sentence was filed on May 13, Defendant filed his notice of appeal in our court on June 11, 2009. However, our rules require that the notice of appeal be filed in district court. *See* Rule 12-202(A) NMRA. The record proper contains no indication that a notice of appeal was filed in district court. Consequently, we dismiss this appeal for this reason, as well. *See Lowe v. Bloom*, 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) (holding that when the notice of appeal was incorrectly filed in the Court of Appeals, rather than the district court, the appeal would be dismissed). We recognize that Defendant is pro se, but that cannot excuse the fact that his notice of appeal was not filed in the proper place. Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

Accordingly, we dismiss this appeal.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**