This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                      **NO. 30,218**

**J. TYRONE RIORDAN,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

James Cowan, Assistant Attorney General
Alamogordo, NM

for Appellee

J. Tyrone Riordan
Carrizozo, NM

Pro Se Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals from the district court's oral rulings made during a February 11, 2010, hearing. These rulings apparently included (1) the district court's refusal

to recuse, (2) the district court refused to dismiss Defendant's cases with prejudice pursuant an alleged violation of his speedy trial rights, and (3) the district court's refusal to allow Defendant to receive and use a lap-top computer so that he does not have to rely on the Public Defender's Office to view his discovery materials. [Defendant's DS] We dismiss the appeal for lack of a final order.

**DISCUSSION**

In the calendar notice, this Court proposed to dismiss the appeal for lack of a final order on the basis that the district court's oral rulings in these pending criminal cases are not written, final, and appealable orders, and, therefore, this Court lacks jurisdiction to review them at this time. [CN1] *See, e.g.*, *Harrison v. ICX, Ill.-Cal. Express, Inc.*, 98 N.M. 247, 249, 647 P.2d 880, 882 (Ct. App. 1982) (stating that a party may only appeal from a written order), *abrogated on other grounds by Martinez v. Friede*, 2004-NMSC-006, ¶¶ 25-26, 135 N.M. 171, 86 P.3d 596. In addition, we pointed out that in a criminal case, generally the final judgment is the judgment and sentence or an order dismissing all the charges against the defendant. *State v. Garcia*, 99 N.M. 466, 471, 659 P.2d 918, 923 (Ct. App. 1983). We further indicated that under New Mexico law, "[w]hether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *See Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964

P.2d 844. Finally, we reminded Defendant that New Mexico law provides that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

In this case, there is no written order in the record proper on any of these matters. Even if there was a written order in the file, the district court's rulings on these issues are interlocutory and non-final orders that do not practically dispose of the criminal charges in these cases that include Defendant's pending trials for murder (CR -2007-80), rape/delinquency of a child (CR-2007-113), and escape from custody (CR-2007-193). Even if reduced to writing, none of these rulings has been certified by the district court for interlocutory appeal pursuant to NMSA 1978, Section 39-3-3 (A) (1972).

Defendant has filed a memorandum in opposition to this Court's proposed dismissal of the appeal for lack of a final order. [MIO] While we have duly considered his memorandum, we note that Defendant does not provide this Court with any written orders on the district court's oral rulings in which the issues he raises on appeal have been certified for interlocutory appeal. The fact remains, therefore, that this Court lacks jurisdiction to review the merits of the issues Defendant raises on

appeal. To the extent that Defendant continues to argue the merits of the issues on appeal in the memorandum [MIO 11-14], therefore, we decline to reach them, being without jurisdiction to do so. To the extent that Defendant contends his constitutional rights are adversely affected by the rulings [MIO 2], and that he is frustrated with the rulings of the district court, delays in discovery, and other issues [MIO 3-11], we remind Defendant that he has a constitutional right to appeal all of the district court's written orders upon entry of the final judgment in this case.

**CONCLUSION**

For the reasons discussed above and in the calendar notice, we dismiss this appeal for lack of a final order.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**ROBERT E. ROBLES, Judge**

4

