This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN M. DZULA,**

Petitioner-Appellant,

v.                                                                    **NO. 30,505**

**ELIZABETH E. DZULA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

John M. Dzula
Albuquerque, NM

Pro se Appellant

Elizabeth E. Dzula
Albuquerque, NM

Pro se Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Petitioner is appealing from a district court order addressing child support. [RP 256; 264] We proposed to dismiss based on an outstanding motion to reconsider. Petitioner has responded with a memorandum in opposition. We dismiss the appeal.

The order appealed from in this case was filed on April 20, 2010. [RP 256; 264] On May 17, 2010, Petitioner filed in district court a motion to reconsider the order. [RP 258] Because Petitioner's motion for reconsideration was filed outside the time limit to file under Rule 1-059(E) NMRA, we construe it as a motion filed pursuant to NMSA 1978, § 39-1-1 (1917) and Rule 1-054.1 NMRA. However, there is no order in the record proper that addressed Petitioner's motion to reconsider. Despite the language in Section 39-1-1, the district court was required to rule on the post-judgment motion and it was not deemed denied by the passage of time. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶ 15, 142 N.M. 527, 168 P.3d 99 (holding that changes to the rules of civil procedure superceded Section 39-1-1 and eliminated the automatic denial of post-judgment motions). Thus, our calendar notice proposed to hold that Petitioner's appeal is premature without an order denying his motion. *See* Rule 12-201(D) NMRA (providing that if a party files a motion pursuant to Section 39-1-1, the time for filing a notice of appeal begins to run from entry of an order disposing of the motion); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (recognizing in the context of a

foreclosure judgment that when a party makes a motion challenging the judgment, the judgment is not final until the district court rules on the motion).

In his memorandum in opposition, Petitioner states that he received a telephone call on May 18 from the district court informing him that the motion had been ruled on. [MIO 2] However, there is no written order in the record, and Defendant has not supplemented the record with any written order. It is the duty of the appellant to provide a record adequate to review the issues on appeal. *See Dillard v. Dillard*, 104 N.M. 763, 765, 727 P.2d 71, 73 (Ct. App. 1986); *see also State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). To the extent that the district court may have orally ruled on the motion, this does not constitute a final order, because a party may only appeal from a written order. *Harrison v. ICX, Illinois-California Express, Inc.*, 98 N.M. 247, 249, 647 P.2d 880, 882 (Ct. App. 1982), *abrogated on other grounds by Martinez v. Friede,* 2004-NMSC-006, ¶¶ 25-26, 135 N.M. 171, 86 P.3d 596. If Petitioner believes that the district court mistakenly failed to enter a written order [MIO 3], then he may ask the district court to enter an order and may take a separate appeal therefrom.

For these reasons, we dismiss Petitioner's appeal as premature.

**IT IS SO ORDERED.**

                      _____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**